EDWARD M. PIERCE & wife *vs.* ALVAH CHACE & others.
CANDACE ANTHONY *vs.* EDWARD M. PIERCE & others.

In consideration of subsistence furnished by J. S. to a husband and his family, and of his promise to provide for the husband's support in the future, the husband and his wife, who were jointly seised of a parcel of land subject to a mortgage, orally agreed to con- vey to J. S. what all the parties supposed to be the husband's undivided half thereof. In pursuance of this agreement, the husband executed to J. S. a deed purporting to convey an undivided half of the land to him, and the wife joined therein in token of release of her rights of dower and homestead; and thereafter J. S. furnished the husband with sub- sistence, which he shared with his family. The mortgagee entered to foreclose the mort- gage; and within three years afterwards J. S. filed a bill in equity to redeem the land,

**and** joined the husband and wife with the mortgagee as defendants.   Pending the suit, the husband died, and the wife filed a cross bill, more than three years after the entry of the mortgagee, against him and J. S., to assert her own right to redeem the whole of the land.   *Held*, that J. S. had no right or title against the wife in any part of the land, either directly or by estoppel; and that she was entitled to redeem it from the mortgage upon paying the amount due thereon, without repaying the sum spent by J. S. in fulfilling his agreement with her and her husband.

The equitable right of a person to redeem land from a mortgage, under which the mortgagee has entered for the purpose of foreclosure, may be enforced on a cross bill, although filed by him more than three years after the entry, in a suit in equity brought by a third person against him and the mortgagee, before the end of the three years, to redeem the land from the same mortgage.

THE FIRST CASE was a bill in equity filed May 13, 1868, by Edward M. Pierce, and his wife, Celia J. Pierce, against Alvah Chace, John Anthony, and Candace Anthony, wife of said John, to redeem land in Fall River from a mortgage.

THE SECOND CASE was a cross bill, filed February 25, 1869, by the said Candace against the said Edward, Celia and Alvah, to redeem the land from the same mortgage, John Anthony having meanwhile died.

The cases were heard together by *Colt*, J., and reserved for the determination of the full court upon the following statement of the facts and pleadings :

" Caleb G. Anthony conveyed the land by deed dated June 29, 1857, to John Anthony and Candace Anthony, his wife, subject to a mortgage in favor of James Lewis, which mortgage is the one sought to be redeemed.   John and Candace continued to hold the premises without any change of title, until 1862.   Previously and up to 1862, Edward M. Pierce had from time to time furnished said John and his family with necessaries.   In 1862 an oral agreement was made between said John and Candace, and said Edward and his wife Celia J. Pierce, that in consideration of what said Edward had already furnished towards the support of John Anthony and his family, and in further consideration that said Edward should take care of, and support, and provide for said John during the rest of his life, he, the said John, should convey to said Celia what was supposed to be his undivided half of the premises.   In accordance with and in consequence of this agreement, a deed dated May 13, 1862, purporting to convey an

undivided half of the premises to said Celia, was made by John Anthony, which deed was signed by Candace, his wife, only in token of her release of dower and homestead in the premises. This deed, at the time it was made, was supposed and believed by all the parties to be a good and valid conveyance of an undivided half of the premises. After this conveyance, said Edward fairly intended to, and did, substantially carry out and perform his part of the agreement, and the supplies furnished to said John were used in common by him and his family up to October 2, 1865, when his family was broken up, and from that time until his death, which occurred on January 4, 1869, he lived alone, and was provided for by said Edward in one of said Edward's tenements.

" James Lewis, the mortgagee, assigned his mortgage on October 10, 1865, to Alvah Chace, and on the 21st of the same month John and Candace Anthony gave quiet and peaceable possession of the mortgaged premises to Chace, which he has since continued to hold except as hereinafter stated.

" At the time of the execution of the deed from John Anthony to Celia J. Pierce in 1862, the said Edward and Celia gave to said John a deed of a life estate in the same premises, which he was to hold as security for the performance of the agreement then entered into by said Edward as aforesaid ; and in 1867 John Anthony gave Celia J. Pierce a quitclaim deed of all his interest in said undivided half of the premises.

" The said Edward and Celia brought their bill May 13, 1868, against said Alvah Chace, joining said John and Candace Anthony, praying to redeem the whole of said mortgaged premises, to which the said Alvah and Candace duly entered their appearance. Pending the bill, on October 10, 1868, said Alvah gave said Celia a quitclaim deed of one undivided half part of his interest in the premises. Candace Anthony filed her answer to this bill on February 20, 1869, in which she suggested her husband's death ; claimed that thereby she had become the sole owner of the premises, subject only to the mortgage, and that she was advised that her husband's deed to said Celia, in which she only joined in relinquishment of dower and homestead, conveyed no

interest in the premises ; alleged her readiness and wish to re-deem the whole of the premises ; denied that said Edward and Celia had any right to redeem, but alleged that, if they had, they had already redeemed to the extent of such right; and prayed that, if necessary to the rights of the parties to the bill, further proceedings therein might be stayed to enable her to bring a cross bill.   Alvah Chace filed his answer on the same date, in which he declared his ignorance of the respective rights of said Edward, Celia and Candace, to redeem, and alleged his readiness to dis-charge all his interest in the mortgage to such person or persons as the court should direct, upon receiving what was due him thereon.

" Candace Anthony filed her cross bill against said Edward, Celia and Alvah, on February 25, 1869, in which she set forth the same facts and made the same claims and offers substantially as in her answer to the original bill.

" To the answer of said Candace to the original bill the plain-tiff therein filed a replication on February 6, 1871, in which, not admitting the invalidity of said conveyance to Celia, they set up, 1. that the mortgage was duly foreclosed by the lapse of time be-fore the filing of said answer, so that she could not redeem the same, even if she was otherwise entitled so to do ; 2. that, the first conveyance from John Anthony to Celia J. Pierce having been made with the knowledge and assent of said Candace, and having been intended and supposed by all the parties to be a valid conveyance of one undivided half of said premises to said Celia, and the agreement in consideration of which the same was made having been carried out by said Edward M. Pierce, without objection on the part of said Candace, she and her legal representatives were now estopped to deny the validity of said conveyance ; and 3. that, if this was not so, then in equity and good conscience said Candace and her legal representatives ought not to be allowed to redeem, except upon repayment to said Edward not only of the sum found due on the mortgage, but of the amount paid by him in carrying out the said agree-ment.   And on the same day they filed an answer to the cross bill, which was substantially the same as this replication.

" Before the filing of said replication and answer, Candace Anthony died ; and her administrator voluntarily appeared and took upon himself the prosecution of the suits.   Alvah Chace filed his answer to the cross bill on April 19, 1870, in which he still alleged his readiness to discharge his interest in the mortgage to whomsoever the court should direct, upon receiving the amount due him."

*J. M. Morton, Jr.*, for Pierce and his wife.

*J. H. Dean*, for Candace Anthony's administrator.

COLT, J.   The plaintiffs in the first named suit have no valid title to the equity of redemption in the mortgaged premises. The deed from which they derive title, given by Caleb to John and Candace Anthony, conveyed to the grantees an estate subject to mortgage, which they took as husband and wife, by entireties and not by moieties.   Neither could convey during their joint lives so as to bind the other, or defeat the right of the survivor to the whole estate.   *Shaw* v. *Hearsey*, 5 Mass. 521.   The wife's interest was that of owner of the fee, and she parted with no right by joining in her husband's deed to Mrs. Pierce solely for the purpose of relinquishing her right to dower and homestead.   Title to her land could be acquired only by deed joining both husband and wife in the efficient and operative words of the conveyance. Upon the death of her husband, she became sole owner of the premises, subject to the mortgage.   *Bruce* v. *Wood*, 1 Met. 542. *Jewett* v. *Davis*, 10 Allen, 68.   *Wales* v. *Coffin*, 13 Allen, 213.

Nor was Mrs. Anthony estopped, either at law or in equity, from asserting her sole title to redeem.   The agreement which is relied on as the basis of this estoppel was not made by her with reference to her separate property, and is not binding upon her. At most, it was only the agreement of her husband, assented to by her, for the conveyance to Mrs. Pierce of the undivided half of the premises supposed to belong to him.   She had no legal capacity to make such a contract.   The fact that it has been performed on the part of Pierce, and the consideration paid, and a deed given, does not prevent her from setting up incapacity, for this would be to bind her indirectly to an obligation which she could not assume directly.   Her agreements and admissions were

made under a mistake as to her right of property, without fraud or intention to deceive ; a mistake in which all parties participated. And besides, the acts and admissions of a married woman cannot be used to render effectual a void conveyance of her real estate. She is not thus to be deprived of that protection which the law affords. Her title to land can only be divested by such conveyance as the statutes authorize. *Lowell* v. *Daniels*, 2 Gray, 161. *Bemis* v. *Call*, 10 Allen, 512.

The rules which courts of equity adopt, in enforcing parol contracts relating to land, on the ground that they have been already performed in part, and which are sometimes applied in apparent violation of the maxim that equity follows the law, do not aid the plaintiffs : first, because of the wife's incapacity to become a party to the contract; and next, because the facts show no part performance to take the case out of the statute of frauds. *Glass* v. *Hulbert*, 102 Mass. 24, 28.

But it is objected, that, after the original bill was brought, and before the answer and cross bill were filed, the mortgage as to the Anthonys was fully foreclosed by lapse of time, and that the original bill cannot now be availed of by them to extend the time. This depends upon their rights as defendants in that suit.

It is an elementary rule, that courts of equity, after they have once acquired jurisdiction of the subject matter, will, so far as possible, do complete justice to all parties, so that there may be an end of controversy. They require that the rights of all within their jurisdiction, whose interests may be affected by the final adjudication, shall be provided for therein. And the rules of pleading accordingly require that all persons in interest shall be made parties, either plaintiff or defendant, to the original bill. In bills for the redemption of mortgages, all who have any right to redeem must be joined. Thus John and Candace Anthony, who are alleged to be part owners of the mortgaged premises, having an equal right to redeem in common with the plaintiffs, were made necessary parties. If the bill had been maintained upon the plaintiffs' theory, the mortgage would, in the end, have been discharged as to all parties, upon contribution towards its payment by all in proportion to their respective interests ; because

the plaintiffs could not redeem their specific interest without paying the whole amount due on the mortgage. The rights of all, whether plaintiffs or defendants, would therefore have been secured against foreclosure by the commencement of the original suit. It was not necessary, pending that suit, for any party to it, in order to preserve his right, to make a tender or commence a suit on his own account. The rights of all were held in suspense until it could be determined who were entitled to redeem. It can make no difference that the plaintiffs fail to establish their title in whole or in part, for such result will not place those who are shown to have the right to redeem, although nominally defendants, in a worse condition than they would otherwise have been.

The first suit, then, was, within the meaning of the statute, a suit brought for redemption within the three years limited, by the person entitled to redeem. Gen. Sts. *c.* 140, § 19. It cannot be the intention of the statute that the three years should cease to run only against the party plaintiff, and continue to run against the other parties equally interested in the right to redeem. The provision of § 31 of the same chapter, authorizing other persons interested to be made parties during the pendency of the suit, upon such terms as the court may order, is inconsistent with such a construction, and shows that the suit enures to the benefit of all the parties to it.

It is insisted that the filing of the answer and cross bill is to be regarded as the first step sufficient to stop the running of the three years as to Mrs. Anthony. But the filing of a cross bill is not the commencement of an independent suit. It is a mode of defence, and is considered as an auxiliary or dependency of the first suit, constituting with it but one cause. It follows, that the relief which the administrator of Mrs. Anthony here seeks, and which cannot be denied, is that to which she became entitled upon the filing of the bill against her, and relates back to the commencement of that suit. *Field* v. *Schieffelin*, 7 Johns. Ch. 250. *Cartwright* v. *Clark*, 4 Met. 104. *White* v. *Buloid*, 2 Paige, 164.

The administrator of Mrs. Anthony is now entitled to redeem the whole of the mortgaged premises, upon paying to the parties holding it the whole amount due on the mortgage.

*Decree accordingly.*