## WILLIAM PRAY *vs.* CHARLES STEBBINS.

Middlesex. Nov. 17, 1885. — Feb. 26, 1886. DEVENS & GARDNER, JJ., absent.

A conveyance of land in fee to a husband and wife, prior to the St. of 1885, c. 237, conveyed an estate by entireties, of which he had the right to make a lease good against the wife during coverture.

The execution and delivery, by a husband, of a written lease of land conveyed in fee to him and his wife prior to the St. of 1885, c. 237, determines the rights of a person holding as a tenant at will or licensee of the wife; and the lessee may maintain an action on the Pub. Sts. c. 175, against such person, to recover possession of the premises.

At the trial of an action on the Pub. Sts. c. 175, in the Superior Court, on appeal, to recover possession of certain premises leased to the plaintiff, he called witnesses, who testified that the defendant was present and was represented by counsel at the trial of this action in the district court; that one R., a constable, who had since died, was also present, and stated to the presiding judge, in the course of the trial, that he served upon the defendant notice of the making of the lease and of the plaintiff's claim under it; that there was no denial of the notice on the part of the defendant during that trial; but the witnesses could not remember whether R. had been sworn or testified as a witness at the time of making such statement. *Held,* that the defendant had no ground of exception to the admission of the evidence.

ACTION on the Pub. Sts. c. 175, to recover possession of a room in a dwelling-house in Melrose. Writ dated July 10, 1884. Trial in the Superior Court, before *Knowlton,* J., who reported the case for the determination of this court, in substance as follows:

The plaintiff claimed title under a lease in the ordinary form, dated June 27, 1884, by which Orice K. Stebbins leased to him, for one year from said date, real estate which included said dwelling-house. He also put in evidence a deed, dated October 31, 1868, by which said real estate was conveyed "to Orice K. Stebbins and Ann, his wife," with the habendum " to the said Orice K. Stebbins and Ann, his wife, their heirs and assigns," &c. The evidence tended to show that the defendant was in possession of the room in question under the authority of said Ann Stebbins, either as a tenant at will or a licensee; and that he forcibly resisted the plaintiff's effort to deprive him of that possession.

The defendant asked the judge to rule that the lease to the plaintiff from Orice K. Stebbins did not give him a title under which he could maintain this action, if the defendant was in possession as licensee or tenant at will of Ann Stebbins. The judge declined so to rule.

To prove notice to the defendant of the making of the lease and of the plaintiff's claim under it before this action was brought, the plaintiff called witnesses, who testified that the defendant was present and was represented by counsel at the trial of this action in the district court; that one John G. Robbins, a constable of Malden, who had since deceased, was also present, and stated to the presiding judge, in the course of the trial, that he served such notice upon the defendant; and that

there was no denial of the notice on the part of the defendant during that trial. The witnesses testified that they could not remember whether Robbins had been sworn or testified as a witness at the time of making such statement, unless his making the statement was to be considered testifying. To the admission of this evidence the defendant excepted. There was other evidence introduced by the plaintiff on the question of notice, all of which was uncontradicted.

The jury returned a verdict for the plaintiff. If there was error of law in the above refusal to rule, or in the admission of evidence, the verdict was to be set aside, and a new trial granted; otherwise, judgment to be entered on the verdict.

*W. P. Harding*, for the defendant.

*W. Schofield*, for the plaintiff.

FIELD, J. The real property was conveyed to Orice K. Stebbins and Ann, his wife, their heirs and assigns, by deed dated October 31, 1868. At common law, both husband and wife were seised of the estate thus granted *per tout et non per my* as one person, and not as joint tenants or tenants in common. There could be no severance of such an estate by the act of either, and no partition of the land during their joint lives, and the survivor became sole seised of the entirety of the estate. *Pierce* v. *Chace*, 108 Mass. 254. *Wales* v. *Coffin*, 13 Allen, 213.

This tenancy by entireties is essentially a joint tenancy, modified by the common law doctrine that husband and wife are one person, and was not changed by our statutes enacting that " conveyances and devises of lands made to two or more persons shall be construed to create estates in common and not in joint tenancy, unless," &c., because, among other reasons, the statute expressly excepts conveyances and devises to husband and wife. Pub. Sts. *c.* 126, §§ 5, 6. Gen. Sts. *c.* 89, §§ 13, 14. Rev. Sts. *c.* 59, §§ 10, 11. *Wales* v. *Coffin, ubi supra.* See also *Shaw* v. *Hearsey*, 5 Mass. 521. This exception was repealed, and conveyances to husband and wife declared to create estates in common, by the St. of 1885, *c.* 237; but this statute cannot affect the decision of this case, as it was passed after the plaintiff's rights had become vested, and his action had been brought.

The statutes which were enacted before this conveyance, to enable married women to take and hold property to their sole

and separate use, do not in terms apply to an estate granted to husband and wife. Sts. 1845, *c.* 208, § 3; 1855, *c.* 304; 1857, *c.* 249. Gen. Sts. *c.* 108, § 1. Neither do the statutes on the same subject enacted after this conveyance, and before the delivery of the lease to the plaintiff. St. 1874, *c.* 184. Pub. Sts. *c.* 147, § 1. St. 1884, *c.* 301.

In *Pierce* v. *Chace, ubi supra,* the deed to husband and wife was dated June 29, 1857, which was the day on which the St. of 1857, *c.* 249, took effect. The deed was held to convey the common law rights, although the effect of the statutes then in force relating to the separate property of married women was not noticed. In *Hayward* v. *Cain,* 110 Mass. 273, the deed was dated September 17, 1866, and recited a consideration paid by the husband and wife; but the grant was to the husband, and the court found that there was a resulting trust in favor of the wife in one half of the land. The court said: "It is true that, if the deed had been made to them jointly, as the master reports it was their understanding that it should be, it would have created an estate in them which would have been incapable of severance; *Wales* v. *Coffin,* 13 Allen, 213; because that is the legal construction of such a deed; and the circumstances of the purchase would not be admissible to show a different intent."

The statutes enabling a married woman to receive, hold, manage, and dispose of real and personal property in the same manner as if she were sole, cannot, we think, be construed to apply to the estate by entireties of husband and wife, because other statutes in effect prevented this conveyance from being construed as creating a tenancy in common; and, if a married woman held this estate as if she were sole, she would hold it as a tenant in common with her husband. At common law by a conveyance to A. and B., his wife, and C., A. and B. took one half and C. the other, but if, under these statutes, B. is to take as if she were sole, A., B., and C. would each take a third, unless it were held that these statutes did not affect any rights except those between husband and wife. See *Mander* v. *Harris,* 27 Ch. D. 166.

The provisions requiring the assent of the husband in writing to her conveyance, or his joining with her in the conveyance, or the consent of one of the judges, &c., in the Gen. Sts. *c.* 108, § 3, which were in force when this conveyance was made, could

not be held applicable to an estate by entireties in husband and wife, unless it be held that the husband's assent in writing to her conveyance, or the consent of one of the judges, &c., either enables her to convey the estate of both, or severs the wife's interest so that she can convey that in the same manner as if she held it as an ordinary joint tenant, or as a tenant in common with her husband; and there are no words that indicate any such intent on the part of the Legislature. Such an intent is not to be assumed, when other provisions of the statutes prevent conveyances to husband and wife from being construed as creating estates in common, and when no authority is given to the husband to sever this tenancy by any conveyance which he can make, or to convey his own real property by an assent to the deed of his wife; and it was not the intention that the effect of his assenting to his wife's conveyance should be to convey any property which he held in his own right. If the wife held her interest in such a tenancy as this is to her sole and separate use, the tenancy would be destroyed, because the essential characteristic of the estate is that the interests of husband and wife in it cannot be separated; and, construing the different provisions of the statutes in force when the plaintiff acquired his rights, we think it appears that the Legislature intended that this peculiar tenancy should be preserved as it existed at common law.

The decisions in other States upon the effect of somewhat similar statutes turn more or less upon the particular terms of the statutes. For decisions that these statutes do not affect estates by entireties, see *Bertles* v. *Nunan*, 92 N. Y. 152; *Marburg* v. *Cole*, 49 Md. 402; *Hulett* v. *Inlow*, 57 Ind. 412; *Hemingway* v. *Scales*, 42 Miss. 1; *McCurdy* v. *Canning*, 64 Penn. St. 39; *Diver* v. *Diver*, 56 Penn. St. 106; *Fisher* v. *Provin*, 25 Mich. 347; *Robinson* v. *Eagle*, 29 Ark. 202; *McDuff* v. *Beauchamp*, 50 Miss. 531; *Rogers* v. *Grider*, 1 Dana, 242; *Den* v. *Hardenbergh*, 5 Halst. 42. See also, *contra, Cooper* v. *Cooper*, 76 Ill. 57; *Hoffman* v. *Stigers*, 28 Iowa, 302; *Clark* v. *Clark*, 56 N. H. 105.

The rights of husband and wife in this estate must therefore be determined by the common law. By that law the right to control the possession of such an estate during their joint lives is in the husband, as it is when the wife is sole seised. " Neither

could convey during their joint lives so as to bind the other, or defeat the right of the survivor to the whole estate; " *Pierce* v. *Chace*, *ubi supra;* but, subject to this limitation, the husband has the rights in it which are incident to his own property, and the rights which by the common law he acquires in the real property of his wife. He has, during coverture, the usufruct of all the real estate which his wife has in fee simple, fee tail, or for life. By the great weight of authority, he has the right to make a lease of an estate conveyed in fee to him and his wife, which will be good against the wife during coverture, and will fail only in the event of his wife surviving him. *Washburn* v. *Burns*, 5 Vroom, 18. *Barber* v. *Harris*, 15 Wend. 615. *Jackson* v. *Mc-Connell*, 19 Wend. 175. *Topping* v. *Sadler*, 5 Jones (N. C.) 357. *Fairchild* v. *Chastelleux*, 1 Barr, 176. *Pollok* v. *Kelly*, 6 Ir. C. L. 367, 375. *Bertles* v. *Nunan*, *ubi supra*. *Wyckoff* v. *Gardner*, Spencer, 556. *Ames* v. *Norman*, 4 Sneed, 683. *Ward* v. *Ward*, 14 Ch. D. 506. *Godfrey* v. *Bryan*, 14 Ch. D. 516.

If it be assumed that the defendant was a tenant at will or licensee of the wife, even with the permission of the husband, the execution and delivery of the written lease by the husband to the plaintiff determined the tenancy at will or the license, and the plaintiff was entitled to the possession.

The remaining exception is to the admission of the testimony of what one Robbins, who died before the trial in the Superior Court, said or testified to at the trial of this action in the district court, concerning the service on the defendant of a notice from the plaintiff that a lease had been made to him, and that he claimed possession under it. The objection was not taken on the ground that this was testimony of the contents of a written paper, which could have been produced. Evidence of the testimony of a witness in a former trial of this action, if the witness be dead, is competent. It is not certain whether this statement of Robbins was made before or after he was sworn as a witness, but it was made to the presiding judge of the district court in the course of the trial, and in the presence of the defendant and his counsel, and, so far as appears, without objection by them; and " there was no denial of the notice on the part of the defendant during that trial." If it was a part of Robbins's testimony, it was clearly competent. It is not shown how

Robbins could have been permitted to make the statement to the presiding judge, unless he was a witness, or was treated as a witness by the court with the consent of the defendant. But if the statement of Robbins, with the consent of the defendant and his counsel, was taken by the court as evidence of any fact in the cause, it might well be considered that it was the duty of the defendant or his counsel to deny the fact stated, if he did not intend to admit it, and the testimony is competent as some evidence of an admission by the defendant.

*Judgment on the verdict.*