GILBERT W. PHELPS *vs.* CATHARINE L. SIMONS & another.

Hampden.    September 27, 1892. — June 23, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Devise — Husband and Wife — Statute — Equity.*

A testatrix, by her will, which was made in 1870 and admitted to probate in 1872, devised the residue of her estate, real and personal, to her son and his wife, "and to the survivor of them, and the heirs of such survivor, to have and to hold the same forever." The testatrix died possessed, among other property, of certain shares of the stock of a bank. A certificate of the shares was issued by the bank to the husband and wife, "and the survivor of them, and the heirs of such survivor," and the certificate was left by the husband in the possession of the wife. In 1891, the husband undertook, by an instrument in writing, to sell the shares to a third person for a valuable consideration. The bank declined to make the transfer until the outstanding certificate was delivered up, which delivery the wife refused to make. The purchaser then brought a bill in equity to compel her to deliver the certificate to him. *Held,* that the Gen. Sts. c. 108, § 1, did not apply. *Held, also,* (FIELD, C. J., KNOWLTON and MORTON, JJ., dissenting,) that the plaintiff was entitled to the dividends on the stock during the joint lives of the husband and wife, and to the shares in the contingency of the husband surviving his wife; and that, if the wife survived her husband, she was entitled to the shares absolutely.

LATHROP, J.   This is a bill in equity against Catharine L. Simons and Simeon B. Simons, her husband.   Sarah C. Simons, the mother of Simeon, died on April 8, 1872.   By her will, dated October 31, 1870, which has been duly admitted to probate, she devised and bequeathed the residue of her estate, real and personal, to her "son, Simeon B. Simons, and his wife, Kate L. Simons, and to the survivor of them, and the heirs of such survivor, to have and to hold the same forever."   Sarah died possessed, among other property, of twelve shares of the capital stock of the Second National Bank of Springfield.   On December 3, 1872, said bank issued a certificate of said shares, in which it is set forth that " Simeon B. Simons and his wife, Kate L. Simons, and the survivor of them, and the heirs of such survivor," are proprietors of twelve shares of the capital stock of said bank.   The answer of the defendant Catharine, which is found to state the facts correctly, sets forth that she has possession of said certificate, " which was left in her possession several years since by her said husband."

On October 15, 1891, Simeon B. Simons, by an instrument in writing, undertook to sell said certificate, and the twelve shares of stock represented thereby, to the plaintiff, for a valuable consideration.   He also, by the instrument, appointed the plaintiff his attorney to make the transfer.   The bank refused to make the transfer until the outstanding certificate was delivered up, and Catharine refused to deliver up the certificate.   The prayer of the bill is that Catharine be ordered to produce the outstanding certificate, and to deliver the same to the plaintiff.

In 1870, when this will was made, and in 1872, when it was admitted to probate, the General Statutes were in force; and it was provided by c. 108, § 1, that "the property, both real and personal, which any married woman now owns as her sole and separate property, that which comes to her by descent, devise, bequest, gift, or grant, . . . shall, notwithstanding her marriage, be and remain her sole and separate property."   Mr. Justice Holmes, Mr. Justice Barker, and the writer of this opinion think that under this statute Simeon B. Simons had no power to alienate his wife's interest, believing that the case of *Pray* v. *Stebbins*, 141 Mass. 219, which relates to the validity of a lease made by a husband while the joint tenancy continued, has no bearing on the question.   The same justices also think that, whatever may be the effect of the various statutes then in force as to the estate

which the husband and wife took, the wife was entitled, as between herself and her husband, to one half to her separate use. See *Mander* v. *Harris*, 27 Ch. D. 166; *Jupp* v. *Buckwell*, 39 Ch. D. 148. But the other justices are of opinion, on the authority of *Pray* v. *Stebbins*, that the Gen. Sts. c. 108, § 1, do not apply, and we proceed to consider the case irrespective of the statutes relating to married women.

At common law a devise to husband and wife vested in them an estate by entireties; not strictly a joint tenancy, but, as said by Mr. Justice Wells in *Wales* v. *Coffin*, 13 Allen, 213, 215, "one indivisible estate in them both and the survivor of them." See also *Pierce* v. *Chace*, 108 Mass. 254; *Pray* v. *Stebbins*, 141 Mass. 219; *Donahue* v. *Hubbard*, 154 Mass. 537; *Morris* v. *McCarty*, 158 Mass. 11.

While the husband has the entire right to the use and benefit of the estate during coverture, (*Pray* v. *Stebbins, ubi supra,*) he cannot alienate it. Thus in *Fox* v. *Fletcher*, 8 Mass. 274, where land was devised to a husband and wife, the wife, who survived her husband, was held entitled to maintain a real action against a grantee in fee of her husband. So in *Donahue* v. *Hubbard, ubi supra*, it was said by Mr. Justice Allen, "The peculiar feature of this kind of estate is that each is secure against an impairment of rights through the sole act of the other."

The bequest in this case is to the husband and his wife, "and the survivor of them, and the heirs of such survivor." A conveyance in this form, at common law, to persons not husband and wife would give a joint estate for life, and a contingent remainder to the survivor. 2 Cruise, Dig. tit. 18, c. 1, § 2, note. 1 Greenl. Cruise, 364 a. Co. Lit. 191 a. *In re Harrison*, 3 Anst. 836. *Vick* v. *Edwards*, 3 P. Wms. 372. *Hannon* v. *Christopher*, 7 Stew. 459.

The plaintiff admits that, at common law, a bequest to husband and wife vests in them an estate by entireties. See *Gordon* v. *Whieldon*, 11 Beav. 170; *Atcheson* v. *Atcheson*, 11 Beav. 485. He contends, however, that, as at common law a husband may dispose of his wife's personal property as he pleases, he has the same right where the property is held by entireties. None of the cases which he cites for this position support it. There is no doubt that shares of stock may be bequeathed to a wife for life, with remainder to B. In such a case, at common law, the husband

could dispose of only the life interest of his wife in the shares. And where the shares are left by will to a husband and wife, the latter takes a life interest with her husband, and a remainder contingent on her surviving him. With the latter, a court of equity will not permit him to meddle.

In *Atcheson* v. *Atcheson*, 11 Beav. 485, where a legacy was left to a husband and wife, it was held that the wife's right to it by survivorship was entitled to protection, and it was ordered that the legacy be carried to the joint account of the husband and wife, with a direction to pay the dividends to the husband during their joint lives, with liberty, on the death of either, for the survivor to apply.

In *Moffatt* v. *Burnie*, 18 Beav. 211, a bequest was made to A. and his wife, for their lives, with remainder over, and it was held that the husband and wife took, not in joint tenancy, but for their joint lives and the life of the survivor.

In *Ward* v. *Ward*, 14 Ch. D. 506, where a husband and wife held an annuity by entireties, it was held that the whole of it was, during their joint lives, liable to the husband's debts, but the order was only to pay during the life of the husband. See also *Godfrey* v. *Bryan*, 14 Ch. D. 516; *Craig* v. *Craig*, 3 Barb. Ch. 76, 105.

It follows, in the opinion of a majority of the court, that Mrs. Simons will be entitled to the shares of stock should she survive her husband. The mere fact that the husband placed the certificate in the possession of his wife gave her no additional rights. *Cummings* v. *Cummings*, 143 Mass. 340.

The result is that the plaintiff is entitled to the dividends on the stock during the joint lives of the husband and wife, and is entitled to the shares in the contingency of the husband surviving his wife. If, however, the wife survives her husband, she is entitled to the shares absolutely.

As the bank has not been made a party to this suit, no order can be passed directing it to do anything. And, as the wife has an interest in the shares, there is no ground for directing her to deliver the certificate to the plaintiff, as the case now stands. If, before a final decree is entered, the plaintiff desires to amend his bill by making the bank a party, and to have a trustee appointed to hold the shares in accordance with this opinion, he may apply to a single justice for this purpose.　　　　*So ordered.*

The Chief Justice, and Justices Knowlton and Morton, think that the statutes enabling married women to take, hold, manage, and dispose of real and personal property as if they were sole, do not apply to the estate or title by entireties of husband and wife in personal property any more than in real property. *Pray* v. *Stebbins*, 141 Mass. 219. They also think that the will vested in the husband and wife a title by entireties in the shares in question. It follows that the power over the shares is to be settled by the common law. By that law the husband became, upon marriage, the absolute owner of all the wife's chattels in possession. *Legg* v. *Legg*, 8 Mass. 99. *Commonwealth* v. *Manley*, 12 Pick. 173.

Upon reducing her choses in action to possession, he became the absolute owner of them also. *Hayward* v. *Hayward*, 20 Pick. 517. If he did not reduce them to possession, and she survived him, she took them by virtue of her survivorship. *Hayward* v. *Hayward, ubi supra.*

If, therefore, these shares had belonged absolutely to the wife, the husband could have disposed of them at common law, as he has done, and thus would have extinguished completely the wife's right of survivorship. But these shares were not the wife's. The title to them was in the husband and wife by entireties. The whole of the title was in the husband as well as in the wife. Her right of survivorship cannot possibly be greater when the whole title is in her husband as well as in herself, than when it is solely in herself. No case to which we have been referred holds that at common law the wife has a right of survivorship in a chose in action, either belonging solely to herself, or to her husband and herself by entireties, which is incapable of extinguishment by the husband in his lifetime. On the contrary, it was said in substance, in *Atcheson* v. *Atcheson*, 11 Beav. 485, which is relied on by the majority of the court, and which was a case of a legacy to a husband and wife, that her right to the whole as survivor was dependent on the fact that it had not been disposed of by the husband in his lifetime; and in *Ward* v. *Ward*, 14 Ch. D. 506, it was distinctly held that the wife's right as tenant by the entirety of an annuity given to herself and husband during their joint lives was not property of the wife, out of which a settlement could be made under direction of the court for her benefit. The cases in regard to the husband's right over the wife's real estate, or over real estate belonging to himself and wife by entireties,

stand on a different ground, and furnish no guide in a case like this. No doubt, when an assignee in insolvency of the husband or his creditors comes into equity to compel a conveyance of the wife's choses in action, the court may require a provision for the wife to be made out of the property which they seek to reach, even to the extent perhaps of requiring the whole property to be applied to her benefit. Such was the case of *Davis* v. *Newton*, 6 Met. 537, 543. It may also be true that where a husband and wife are possessed of personal property *per my et per tout*, a court of equity will, for good reasons, protect the wife's right of survivorship by preventing the husband before he has done so from disposing of the property during their joint lives. Such was the case of *Ward* v. *Ward, ubi supra*. But neither the principle of *Davis* v. *Newton* nor that of *Ward* v. *Ward* applies here. The wife's title by the entirety with her husband was not her separate property; and the husband has conveyed to the plaintiff, by an absolute conveyance for a valuable consideration, the whole title to the shares in question, as he has the right to do at common law, and has extinguished the wife's right of survivorship.

It is conceded that the mere fact that the certificate was placed in her possession by her husband gave her no additional rights.

We think that there should be a decree in favor of the plaintiff.

*J. Bliss*, for the plaintiff.

*J. E. McIntire*, for Catharine L. Simons.