ROSEANNA M. VOIGT *vs.* HERMAN R. VOIGT & another.

Suffolk.   March 16, 1925. — May 23, 1925.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Tenants by the Entirety.   Husband and Wife.*

The rule of common law, that the right to possession of real estate owned
by a husband and his wife as tenants by the entirety is in the husband,
has not been changed by statute in this Commonwealth.

BILL IN EQUITY, filed in the Superior Court on March 14,
1924, and afterwards amended, seeking to enjoin the de-
fendants from interfering with the plaintiff's alleged right
to possession of certain real estate owned by the plaintiff
and her husband, the defendant Herman R. Voigt, as tenants
by the entirety.

The defendant Herman R. Voigt demurred to the bill.
The demurrer was heard by *Lummus,* J., and was sustained.
The bill was dismissed as to the defendant Anna Voigt by
consent of the plaintiff.   A final decree was entered dis-
missing the bill as to the defendant Herman R. Voigt, and
the plaintiff appealed.

The case was submitted on briefs.

*J. F. Daly,* for the plaintiff.

*G. A. Healy & J. F. Farrell,* for the defendants.

CARROLL, J.   The plaintiff is the wife of the defendant
Hermàn R. Voigt.   The defendant Anna Voigt is his mother.
The bill alleges that the plaintiff and her husband are tenants
by the entirety of a parcel of real estate described in the bill;
that she is deprived by her husband "with the connivance
of . . . [his] mother," from enjoying her right of possession;
and prays that he be enjoined from interfering with her
right to occupy the real estate.   The plaintiff consented
to a decree dismissing the bill against Anna Voigt.   The
defendant Herman's demurrer to the bill was sustained; and
the plaintiff appealed from the interlocutory decree sustain-
ing the demurrer and the final decree dismissing the bill.

The decrees were right. At common law, as tenants by the entirety, the husband and wife were seised of the estate as one person and not as joint tenants or tenants in common. There can be no severance of such an estate by the act of either, and the survivor becomes seised as sole owner of the entirety of the estate. *Pray* v. *Stebbins,* 141 Mass. 219, and cases cited. At common law the right to possession during the joint lives of the husband and wife, is in the husband. "He has, during coverture, the usufruct of all the real estate which his wife has in fee simple, fee tail, or for life." *Pray* v. *Stebbins, supra,* page 224. *Phelps* v. *Simons,* 159 Mass. 415. See *Hoag* v. *Hoag,* 213 Mass. 50. As the husband had the possession of the real estate during coverture, the plaintiff was not deprived of her rights in the real estate by his possession. This common law right of the husband has not been taken away by statute. G. L. c. 209, § 1, and G. L. c. 209, § 30, are not pertinent to this proceeding. See *Pray* v. *Stebbins, supra; Phelps* v. *Simons, supra,* page 417.

*Decrees affirmed.*