LOUIS LICKER & another *vs.* ABRAHAM GLUSKIN & another.

Hampden.    September 20, 1928. — January 2, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Tenants by the Entirety. Attachment. Husband and Wife. Superior Court. Equity Jurisdiction,* To enjoin invalid attachment, levy and execution sale of land. *Jurisdiction. Execution.*

Discussion by RUGG, C.J., of the rights and interests of husband and wife in land held by them as tenants by the entirety.

The interest of a wife in land held by her and her husband as tenants by the entirety cannot be attached and sold on execution by a creditor of the wife during their joint lives.

The Superior Court has jurisdiction to entertain a suit in equity by the owner of land against a judgment creditor of the owner and a deputy sheriff to have declared void an invalid attachment and levy upon the land and to enjoin an execution sale thereof following such attachment and levy.

BILL IN EQUITY, filed in the Superior Court on March 19, 1926, by husband and wife who owned certain land as tenants by the entirety, against a judgment creditor of the wife and a deputy sheriff, seeking, by prayers numbered 1, 3 and 4, that the defendants be enjoined from proceeding with an execution sale of the plaintiffs' land mentioned in the opinion; that the judgment creditor be ordered to discharge the attachment and levy; and that the attachment and levy be declared void.

The suit was heard upon an agreed statement of facts by

*Lummus*, J., by whose order a final decree was entered dismissing the bill. The plaintiffs appealed.

The case was submitted on briefs.

*A. A. Aronstam*, for the plaintiffs.

*W. P. Hayes*, for the defendants.

RUGG, C.J. The plaintiffs as husband and wife are tenants by the entirety of a tract of land in Springfield. A creditor of the wife attached her interest in that land on a writ sued out in an action at law against her, recovered judgment, took out execution, and placed it in the hands of a deputy sheriff for service, who levied upon the interest of the wife in the land and was proceeding toward the sale of the same on the execution when this suit was brought. The question presented is whether the interest of a wife in real estate held by her husband and herself as tenants by the entirety can during their joint lives be attached and sold by a creditor of the wife. This precise question has never been presented for decision in this Commonwealth, so far as we are aware.

"The nature of a tenancy by the entirety is thoroughly established by our decisions. It is founded on the common law doctrine of the unity of husband and wife as constituting in law but one person. A conveyance to a husband and wife as tenants by the entirety creates one indivisible estate in them both and in the survivor, which neither can destroy by any separate act. Both husband and wife are seised of such an estate *per tout et non per my* as one person, and not as joint tenants or tenants in common. Alienation by either the husband or the wife will not defeat the right of the survivor to the entire estate on the death of the other. There can be no severance of such estate by the act of either alone without the assent of the other, and no partition during their joint lives, and the survivor becomes seised as sole owner of the whole estate regardless of anything the other may have done. The tenancy by the entirety is essentially a joint tenancy modified by the common law theory of the unity of husband and wife. They do not take by moieties but by entireties. The characteristics of a tenancy by the entirety at common law continue unaffected by the modern statutes designed to ameliorate the rights of married women at common law and

to render more flexible and individual the property rights of husband and wife. These principles are amplified and applied to diverse sets of facts in many of our decisions. *Shaw* v. *Hearsey,* 5 Mass. 521. *Wales* v. *Coffin,* 13 Allen, 213. *Pierce* v. *Chace,* 108 Mass. 254. *Pray* v. *Stebbins,* 141 Mass. 219. *Pease* v. *Whitman,* 182 Mass. 363. *Boland* v. *McKowen,* 189 Mass. 563. *McLaughlin* v. *Rice,* 185 Mass. 212. *Hoag* v. *Hoag,* 213 Mass. 50. *Palmer* v. *Treasurer & Receiver General,* 222 Mass. 263. *Voight* v. *Voight,* 252 Mass. 582." *Bernatavicius* v. *Bernatavicius,* 259 Mass. 486, 487. The title of both the husband and the wife as tenants by the entirety arises out of the instrument, whether deed, devise or gift, by virtue of which they become seised of the estate. The one who survives and thereby becomes the sole owner of the whole takes no new title by the survivorship. *Palmer* v. *Treasurer & Receiver General,* 222 Mass. 263, 265.

The theory of grants or transfers of interests in property at common law gives an appearance of plausibility to the suggestion that the wife may transfer her interest in a tenancy by the entirety, subject to its main feature as to the rights of the husband if he survives. That theory rests upon the principle of the ancient law, surviving in full force in modern times, to the effect that, although a bare possibility, hope, or expectation as to title to real estate cannot be granted, a possibility coupled with a present interest may be the subject of a grant. This principle is so well settled as to real estate that commonly it is stated baldly without discussion, the difficulty lying, not in its recognition, but in its application. *Winslow* v. *Goodwin,* 7 Met. 363, 379. *Gardner* v. *Hooper,* 3 Gray, 398, 403. *Rice* v. *Boston & Worcester Railroad,* 12 Allen, 141, 142. *Clarke* v. *Fay,* 205 Mass. 228, 233–237, and cases reviewed. See *Board of Education of Humphreys County* v. *Baker,* 124 Tenn. 39, 47. *Brown* v. *Gale,* 5 N. H. 416. This principle has been applied frequently to sales, mortgages, and assignments of interests in personal property, and has been discussed and amplified in that connection. *Low* v. *Pew,* 108 Mass. 347. *Citizens Loan Association* v. *Boston & Maine Railroad,* 196 Mass. 528, 530, 531. *Kerr* v. *Crane,* 212 Mass. 224, 228, 229. *Federal Trust Co.* v.

*Bristol County Street Railway*, 222 Mass. 35, 45, 46. *Taylor* v. *Barton Child Co.* 228 Mass. 126, 129, 130. Seemingly there is force in the contention that the interest of the wife in an estate held by her husband and herself as tenants by the entirety is in the nature at least of a potential title and constitutes a possibility of acquisition of complete possession coupled with the absolute title, and hence may be conveyed by her and attached by her creditors. But we are of the opinion that this principle is not applicable to the wife in an estate by the entirety. Without undertaking to define further the characteristics of an estate by the entirety, its nature is such that the principle just stated does not govern the power of the wife touching her interest therein.

It has been held after great deliberation that the "statutes enabling a married woman to receive, hold, manage, and dispose of real and personal property in the same manner as if she were sole, cannot . . . be construed to apply to the estate by entireties of husband and wife . . . ." And after an analysis of the statutes it further was said: "We think it appears that the Legislature intended that this peculiar tenancy should be preserved as it existed at common law." *Pray* v. *Stebbins*, 141 Mass. 219, 222, 223. That decision frequently has been cited with approval in the cases herein collected. It follows from this statement of the law that the common law rights and disabilities of both husband and wife attach to the interest and title of each arising under a tenancy by the entirety. That principle is illustrated by *Phelps* v. *Simons*, 159 Mass. 415, where it was held that, although under the general rule of the common law the husband could sell and transfer perfect title to personal property belonging to the wife, yet, where such personal property was held by the husband and wife as tenants by the entirety, the utmost that he could transfer was the income during his life with the possibility of title if he should survive; but that, if the wife should survive, she would be entitled to the property absolutely. It further has been held that the husband is during their joint lives entitled to the exclusive possession of real estate owned by the husband and wife as tenants by the entirety. *Voight* v. *Voight*, 252 Mass.

582.    Finally, it was decided in *Raptes* v. *Pappas*, 259 Mass.
37, that a creditor of the husband might levy and sell on
execution his interest in a tenancy by the entirety, and that
the purchaser at such sale would acquire the right to imme-
diate possession of the whole estate and title in the event
of the survivorship of the husband; but that the title of the
wife in the event of her survivorship would be absolute to
the entire estate.    Thus by a series of decisions it is estab-
lished that the rights of the husband in an estate by the
entirety are the same now as they have always been at
common law.

It is a necessary corollary of the decision quoted above
from *Pray* v. *Stebbins* that the nature of the interests of the
wife in a tenancy by the entirety must be measured by the
standard of the common law.    It would be anomalous to
set up a different standard to measure her interests from that
used with respect to the husband.

The position of the wife at common law as to her real
estate is settled.    During coverture she could make no
valid conveyance of any interest therein without the assent
in writing of the husband.    Her sole deed was void.    *Lowell*
v. *Daniels*, 2 Gray, 161, 166.    *Wing* v. *Deans*, 214 Mass. 546,
547.    *Nickerson* v. *Nickerson*, 235 Mass. 348, 351.    She
could not convey by the deed of herself alone her inchoate
right of dower.    *Mason* v. *Mason*, 140 Mass. 63.

These indubitable common law rules require the con-
clusion that a creditor cannot do with the right of a tenant
by the entirety that which the tenant cannot do.    The
statute as to attachment of land of a debtor, G. L. c. 236, § 1,
affords no relief because from its nature the interest of the
wife as tenant by the entirety is not during coverture subject
to attachment, levy and sale.    Since the wife cannot sell it
herself, her creditor cannot sell it by resort to attachment
and levy on an execution in an action at law.

Decisions in other jurisdictions are not of much assistance
in the present discussion because of differences in interpre-
tation of statutes touching the property rights of married
women and in conception of the characteristics of a tenancy
by the entirety.    The result here reached, however, is in

harmony with what is deemed to be the prevailing trend of authority elsewhere. *Chandler* v. *Cheney*, 37 Ind. 391. *Turner* v. *Davidson*, 227 Mich. 459, 462. *Cochran* v. *Kerney*, 9 Bush. 199. *Otto F. Stifel's Union Brewing Co.* v. *Saxy*, 273 Mo. 159. *Beihl* v. *Martin*, 236 Penn. St. 519. *Ades* v. *Caplin*, 132 Md. 66. *Hurd* v. *Hughes*, 12 Del. Ch. 188. There are weighty decisions reaching an opposite result, but they are incompatible with underlying principles established by our adjudications. *Moore* v. *Denson*, 167 Ark. 134. *Ganoe* v. *Ohmart*, 121 Ore. 116. *Zubler* v. *Porter*, 98 N. J. Law, 444. See *Hiles* v. *Fisher*, 144 N. Y. 306. See notes to § 106, 30 C. J., 572, for collection of cases.

This suit rightly was brought in the Superior Court. It has jurisdiction of the subject matter. *McArthur* v. *Hood Rubber Co.* 221 Mass. 372, 374.

It follows that the plaintiffs upon the agreed facts are entitled to the relief sought by their prayers numbered 1, 3 and 4; and a decree is to be entered accordingly, with costs. The details are to be settled in the Superior Court.

*Decree reversed.*

*Decree to be entered granting relief to the plaintiffs.*