## COOLEY v. COMMISSIONER OF INTERNAL REVENUE.*

### No. 2943.

Circuit Court of Appeals, First Circuit.
Jan. 31, 1935.

Robert C. Cooley, of Springfield, Mass., pro se.

Lucius A. Buck, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Arnold Raum, Special Assts. to Atty. Gen., on the brief), for Commissioner of Internal Revenue.

*Writ of certiorari denied 55 S. Ct. 825, 79 L. Ed. ——.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is a petition to review an order or decision of the Board of Tax Appeals affirming the assessment of a deficiency income tax against the petitioner for the year 1929 in the amount of $677.20.

The petitioner and his wife were domiciled in Massachusetts, and in 1929 filed separate income tax returns. That year they held certain stocks and bonds as tenants by the entirety, and each reported one-half of the interest and dividends received from these securities as his or her income. In computing the wife's tax, the Commissioner deducted the amount thus returned by her, and included it with the income of the husband, and the Board of Tax Appeals upheld his action. The tax was assessed under the Revenue Act of 1928 (45 Stat. 791, c. 852, §§ 11, 12, 21, and 22 [26 USCA §§ 2011, 2012, 2021, 2022]).

The question is whether the entire income arising from property held by a husband and wife domiciled in Massachusetts as tenants by the entirety is taxable to the husband.

The sections of the Revenue Act of 1928, above referred to, impose a tax upon the net income of every individual, and the solution of the question depends upon whether all of the income derived from such property belongs to the husband. It is conceded by the taxpayer that one-half of the income was his and taxable to him, and it must be conceded that the other half is also his, under the law of Massachusetts, and taxable to him.

In Splaine v. Morrissey, 282 Mass. 217, at page 222, 184 N. E. 670, 672, it was held that all such income during the husband's life belonged to him, and, in speaking of a deceased husband's interest or ownership, it is said:

"The interests of the deceased in the deposits, if he was a tenant by entirety, were liable for his debts. Raptes v. Pappas, 259 Mass. 37, 155 N. E. 787. See, also, Phelps v. Simons, 159 Mass. 415, 34 N. E. 657, 38 Am. St. Rep. 430; Licker v. Gluskin, 265 Mass. 403, 406, 407, 164 N. E. 613, 63 A. L. R. 231. The interest of the deceased in each deposit was the entire income thereof during his life with the possibility of absolute title thereto if he should survive, while his wife's interest was merely the

possibility of absolute title if she survived. Licker v. Gluskin, 265 Mass. 403, 406, 164 N. E. 613, 63 A. L. R. 231. See, also, Phelps v. Simons, 159 Mass. 415, 418, 34 N. E. 657, 38 Am. St. Rep. 430; Raptes v. Pappas, 259 Mass. 37, 39, 155 N. E. 787."

Under the law of Massachusetts the husband is entitled, not only to all the income of personal property held by the spouses as tenants by the entirety (Phelps v. Simons, supra; Pray v. Stebbins, 141 Mass. 219, 4 N. E. 824, 55 Am. Rep. 462), but to all the receipts and profits from the real estate so held (Cunningham v. Ganley, 267 Mass. 375, 166 N. E. 712).

The tax here in question is imposed upon the income, not upon the property itself. A tax upon income is authorized by the Sixteenth Amendment to the Constitution, and the tax here assessed against the petitioner is not upon the income of his wife, but upon his own income. This case is in no way governed by the decision in Poe v. Seaborn, 282 U. S. 101, 51 S. Ct. 58, 75 L. Ed. 239. There the income under consideration arose out of community property, and under the law of the state of Washington, where the parties resided, the wife had a "vested property right in the community property equal with that of her husband; and in the income of the community."

The order or decision of the Board of Tax Appeals is affirmed.