THOMAS D. WINGROVE *vs.* ALFRED S. LENEY & another.

Middlesex.   October 8, 1942. — December 30, 1942.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Landlord and Tenant*, Landlord's liability to tenant or his family or his invitee, Common stairway. *Tenants by the Entirety. Real Property*, Tenancy by the entirety.

A finding of liability of a wife for personal injuries sustained by a tenant of a tenement on premises owned by her and her husband as tenants by the entirety and caused by a defective common stairway was not warranted where there was no evidence of any actual control of the stairway by her or of any act of hers bearing any relation to the tenant's injury.

Tort. Writ in the Superior Court dated July 26, 1939. The case was tried before *Greenhalge*, J.

*J. M. Graham*, for the defendants.

*T. Chase*, (*K. A. MacDonald* with him,) for the plaintiff.

Lummus, J.  This is an action of tort against Alfred S. Leney and Blanche I. Leney to recover damages for bodily injuries sustained because of the negligence of the landlord or landlords in making repairs upon a common stairway of the premises in which the plaintiff occupied a tenement. The plaintiff obtained a verdict against both defendants. The case is here upon exceptions taken by the defendant Blanche I. Leney.

One point raised by the female defendant by her bill of exceptions is that the defendants were tenants by the entirety, and that under such a tenancy the husband is in possession to the exclusion of the wife.  *Voigt* v. *Voigt*, 252 Mass. 582.  *Raptes* v. *Pappas*, 259 Mass. 37.  *Licker* v. *Gluskin*, 265 Mass. 403.  *Franz* v. *Franz*, 308 Mass. 262, 265. Ordinarily in such a case the husband and not the wife bears the relation of landlord to a tenant, and is solely responsible for any breach of duty as such.  See *Souza* v. *Becker*, 302 Mass. 28.

The plaintiff testified that he did not know the female defendant, and that he hired his tenement from the male defendant, who told the plaintiff that he owned the house. There was evidence from the plaintiff that the male defendant said that he would repair the stairway.  There was evidence that the female defendant and her father actually did the work in making the repairs, as to both carpenter work and painting, although the male defendant did some of the carpenter work.  On one occasion she said that "we" could not afford to hire anyone to do the painting, so she had to do it.

The judge submitted to the jury the question whether the female defendant actually exercised control jointly with her husband, and the jury answered that she did.  The judge denied the motion of the female defendant for a directed verdict in her favor, and she excepted to the denial.

We think there was no evidence warranting a verdict for

the plaintiff against the female defendant. What she did and said was of no more significance than it would have been had it been done and said by her father or a stranger. It was not indicative of her control of the premises. Apparently she merely helped her husband perform his duty as landlord.

The second point raised by the plaintiff is that, apart from the question of control, the female defendant caused the plaintiff's injury by her personal negligence in making repairs on the stairway. The only defect in the stairway which, according to the testimony, caused the accident was the looseness of the top board of the stairway. All that the female defendant did, according to the testimony, was to hand nails to her husband and to apply some paint; and there is no evidence that either act had any relation to the plaintiff's injury.

*Exceptions sustained.*
*Judgment for female defendant.*