BERNARD W. PINEO, JUNIOR, & another *vs.* EARL R. WHITE.

Bristol. October 31, 1946. — December 2, 1946.

Present: FIELD, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Mortgage,* Of real estate: to husband and wife, discharge. *Tenants by the Entirety.* *Real Property,* Tenancy by the entirety. *Equity Pleading and Practice,* Demurrer.

Statement by RONAN, J., as to hearing of a suit in equity on the merits before hearing of a demurrer filed with the answer.

It was irregular procedure to hear a suit in equity on the merits after a demurrer, filed with the answer, had been sustained and there had been no amendment of the bill.

Upon a record in a suit in equity which included an interlocutory decree sustaining a demurrer to the bill and an appeal of the plaintiff therefrom without amendment of the bill, a final decree dismissing the bill after a hearing on the merits following the sustaining of the demurrer, and an appeal from the final decree, the only question before this court was the sufficiency of the bill: the decision on the merits was disregarded.

The interests of holders of a mortgage of real estate running to two or more are to be determined by the common law; and a mortgage "to husband and wife, as joint tenants" is held by them as tenants by the entirety.

Restatement by RONAN, J., of the characteristics of a tenancy by the entirety.

A real estate mortgage held by husband and wife as tenants by the entirety is not discharged by a release and discharge executed by the wife alone.

BILL IN EQUITY, filed in the Superior Court on January 29, 1946.

A demurrer to the bill was filed with the answer. The suit was heard on demurrer and on the merits by *Sullivan,* J.

*J. W. McIntyre, V. J. Deponte & E. F. Henry,* for the plaintiffs, submitted a brief.

No argument nor brief for the defendant.

RONAN, J. The plaintiffs alleged in their bill of complaint that they gave on August 1, 1941, to the defendant and his wife a note, the payment of which was secured by a mortgage on real estate owned by the plaintiffs; that the grantees in said mortgage were "Mildred N. White and Earl R. White, husband and wife, as joint tenants"; that the note together with interest has been paid in full; that the note and mortgage have been surrendered to the plaintiffs by Mildred N. White; and that the latter has executed a release and discharge of the said mortgage but her husband, the defendant, refuses to join in said release and discharge. The bill prays that the defendant be ordered to sign and acknowledge a release and discharge of the mortgage. The defendant demurred on the ground that the discharge executed by Mildred N. White constitutes a valid discharge of the mortgage by virtue of G. L. (Ter. Ed.) c. 183, § 54. The plaintiffs appealed from an interlocutory decree sustaining the demurrer. The suit was also submitted to the judge upon a statement of agreed

facts, and he entered a final decree dismissing the bill without prejudice.. The plaintiffs appealed from this decree.

The proceedings in the Superior Court were irregular. A judge may hear a case upon the merits before ruling on a demurrer. A hearing on the merits may disclose that a plaintiff has not made out a case and a final decree may properly be entered without considering the demurrer. If a case is proved upon the merits, then an amendment to the bill may be permitted if necessary to conform to the facts proved. *Pearson* v. *Mulloney*, 289 Mass. 508, 511. *Olszewski* v. *Sardynski*, 316 Mass. 715, 717. The judge did not adopt this course. After sustaining the demurrer, there being no attempt to amend the bill, the judge should have entered a decree dismissing the bill. A trial on the merits was improperly had after the demurrer had been sustained. The sufficiency of the bill was the only question presented to the Superior Court, and that is the only question raised by the record. We disregard the decision made upon the merits and proceed to review the ruling on the demurrer.

A mortgage of real estate is, as between the parties, a conveyance in fee, defeasible upon the performance of the conditions therein stated. *Brown* v. *General Trading Co.* 310 Mass. 263, 266. *Krikorian* v. *Grafton Co-operative Bank*, 312 Mass. 272. *Cooperstein* v. *Bogas*, 317 Mass. 341. The payment of the mortgage note at or before maturity, or the due performance of any other condition that is expressed in the mortgage, terminates the interests of the mortgagee without any formal release or discharge and revests the legal title in the mortgagor. *Flye* v. *Berry*, 181 Mass. 442. *Crowley* v. *Adams*, 226 Mass. 582. *Fuller* v. *Fuller*, 234 Mass. 187. *Depon* v. *Shawye*, 263 Mass. 206. *Bailey* v. *Way*, 266 Mass. 437. Upon the fulfilment of the conditions of the mortgage, the mortgagor is entitled to the note and a discharge of the mortgage in order to remove a cloud upon the record title to his premises. *Saunders* v. *Dunn*, 175 Mass. 164. *Hart* v. *Louis S. Levi Co.* 303 Mass. 477. *Perry* v. *Oliver*, 317 Mass. 538.

· "A conveyance or devise of land to two or more persons or to husband and wife, except a mortgage . . ., shall create an estate in common and not in joint tenancy . . . unless it manifestly appears from the tenor of the instrument that it was intended to create an estate in joint tenancy." G. L. (Ter. Ed.) c. 184, § 7. This statute does not create or abolish a tenancy by the entirety. It simply expresses the public policy of the Commonwealth that joint tenancies are looked upon with disfavor as not being consistent with conditions of modern society. *Burnett* v. *Pratt,* 22 Pick. 556. *Park* v. *Parker,* 216 Mass. 405. Even before the words "or to husband and wife" were added to the statute by St. 1885, c. 237, § 1, a conveyance to husband and wife as joint tenants created a tenancy by the entirety. *Pray* v. *Stebbins,* 141 Mass. 219. *Hoag* v. *Hoag,* 213 Mass. 50. It is also to be noted that mortgages to two or more persons are excepted from the statute, and that the interests the mortgagees take are to be determined by the common law. *Appleton* v. *Boyd,* 7 Mass. 131. *Park* v. *Parker,* 216 Mass. 405.

A mortgage to husband and wife jointly creates a tenancy by the entirety, and the note and mortgage belong to the wife alone upon the death of her husband and his estate has no interest therein. *Draper* v. *Jackson,* 16 Mass. 480. *Boland* v. *McKowen,* 189 Mass. 563. The mortgage in the present case was held by the defendant and his wife as tenants by the entirety. The characteristics of a tenancy by the entirety have been frequently stated by this court. We need not repeat what has been said. Many of the cases are collected in *Licker* v. *Gluskin,* 265 Mass. 403, 404–405. See also *Splaine* v. *Morrissey,* 282 Mass. 217; *Franz* v. *Franz,* 308 Mass. 262; *Wingrove* v. *Leney,* 312 Mass. 683. The husband has the right to the rents and profits and the usufruct of the property during coverture, and the wife cannot transfer any interest in property that she holds as a tenant by the entirety and neither can her interest as such tenant be attached or sold upon execution for the payment of her debts. *Licker* v. *Gluskin,* 265 Mass. 403. The husband is entitled to possession, *Childs* v. *Childs,*

293 Mass. 67, *Wingrove* v. *Leney*, 312 Mass. 683; and his interest may be attached and sold on execution. *Raptes* v. *Pappas*, 259 Mass. 37. The husband enjoys many inci- dents of ownership during coverture, while the exercise of similar incidents by the wife lies dormant. She is not aided by statutes conferring benefits upon married women in ref- erence to her property. Her interest is not subject to the statutes providing for attachments on land. G. L. (Ter. Ed.) c. 209, § 1; c. 236, § 1. *Pray* v. *Stebbins*, 141 Mass. 219, 224. *Phelps* v. *Simons*, 159 Mass. 415. *Voigt* v. *Voigt*, 252 Mass. 582. *Licker* v. *Gluskin*, 265 Mass. 403.

Such being the relative rights of the husband and wife in the property which they hold as tenants by the entirety, we pass to the inquiry whether the wife alone during cover- ture can give a good release of a mortgage on real estate which she holds as a tenant by the entirety. The defendant contended that such a release was valid under G. L. (Ter. Ed.) c. 183, § 54. That statute provides that a mortgage may be discharged upon the margin of the record of the mortgage at the registry of deeds by one of two or more joint holders of the mortgage. A mortgage may be discharged by a written acknowledgment of payment or satisfaction by one of two or more joint holders and the "instrument shall have the same effect as a deed of release." The defendant and his wife may in a sense be said to be joint holders of the mort- gage, but their interests were not strictly those of joint tenants but were "one indivisible estate in them both and the survivor of them." *Wales* v. *Coffin*, 13 Allen, 213, 215. *Hoag* v. *Hoag*, 213 Mass. 50. The Legislature could hardly have intended that a joint holder should include a tenant by the entirety, as a joint holder is given the power to release and discharge the mortgage — a right that a tenant by the entirety never has possessed for "each is secure against an impairment of rights through the sole act of the other." *Donahue* v. *Hubbard*, 154 Mass. 537, 538. *Woodard* v. *Wood- ard*, 216 Mass. 1, 2. *Bernatavicius* v. *Bernatavicius*, 259 Mass. 486. A statute is not to be interpreted as effecting a material change in or a repeal of the common law unless the intent to do so is clearly expressed. *Zoulalian* v. *New*

*England Sanatorium & Benevolent Association,* 230 Mass. 102. *Commissioner of Corporations & Taxation* v. *Dalton,* 304 Mass. 147. *Boston* v. *Quincy Market Cold Storage & Warehouse Co.* 312 Mass. 638.

We conclude that the instrument signed by the wife alone is not sufficient to release and discharge the mortgage. There was error in the decree sustaining the demurrer and in the decree dismissing the bill, and both decrees must be reversed.

*So ordered.*