Estate of William Parry, deceased. Appeal of Amanda H. Ballantine (formerly Amanda H. Parry), Executrix and Trustee under the will of William A. Parry, deceased.

*Letters of credit—Survivorship—Decedents' estates—Estate by entireties.*

An estate by entireties may be created in a chattel, in a chose in action, and one in possession, as well as in realty. It is not abolished as to choses in action by legislation affecting joint tenancy.

A letter of credit purchased by a husband with his own money, made payable to himself and his wife, and intended to be used in a journey abroad, creates an estate by entireties, and if the husband dies before the letter of credit is exhausted, the wife is entitled by survivorship to any balance that may be due upon it.

*Will—Gift of specific article—Yacht.*

A sailing yacht is not included in a gift by a husband to his wife of "all his clothing, household and kitchen furniture, linen, china, plate, plated ware, jewelry. pictures, engravings, books, bric-a-brac, and articles of personal use and ornament." These words evidently mean to embrace articles of personal use and ornament in the house, like unto those enumerated.

Argued April 1, 1898. Appeal, No. 426, Jan. T., 1897, by Amanda H. Ballantine, from decree of O. C. Phila. County, April T., 1897, No. 121, dismissing exceptions to adjudication. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed in part.

Exceptions to adjudication.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to adjudication.

*George S. Graham*, with him *Charles A. Chase*, for appellant.—The testator bought the letters of credit in question in the joint names of himself and wife, and by his own voluntary act created an estate by entireties which cannot be questioned by any one except creditors. His heirs and legal representatives are bound by his acts. There are no creditors: Gillan v. Dixon, 65 Pa. 395; Diver v. Diver, 56 Pa. 106; Bramberry's Est.,

156 Pa. 628; Donnelly's Est., 7 Pa. C. C. 196; Coolidge v. Payson, 2 Wheaton, 66.

The act of Mr. Parry in obtaining these letters of credit in the name of his wife showed an executed gift to her: Crawford's App., 61 Pa. 52; Herr's App., 5 W. & S. 494.

There was no evidence presented to the court that would justify it in finding that there was any contract, express or implied, upon the part of Mrs. Parry to repay to her husband or to his estate the amounts drawn upon these letters of credit. In other words, a prima facie case was not made out against her: McDermott's App., 106 Pa. 358; Bank v. Wrightson, 63 Md. 81.

We respectfully contend that under the words "articles of personal use and ornament" the carriage which the decedent owned for his own personal use, and also his yacht which he kept for a like personal use, are included under the direct meaning of these words: Hoopes's App., 60 Pa. 220; Cole v. Fitzgerald, 1 Sim. & Stu. 189; Cornewall v. Cornewall, 12 Sim. 298.

*John G. Johnson,* with him *R. Loper Baird,* for appellee.— The letters of credit, whether in a single or a joint name, do not transfer money; they are a means by which credit is given abroad, so that money can be obtained. The bearer is not bound to receive money; he may use the letter as he pleases, and contracts an obligation only by receiving the money: Bouvier's Law Dictionary, Letter of Credit; 13 Am. & Eng. Ency. of Law, 240; Edwards on Bills and Notes, 239; Daniel on Negot. Inst. 1752.

The widow's traveling expenses home with the body could be properly allowed out of the letter of credit by the court, but the fact of his money being in her possession and control at his death raises no presumption of a gift to her of the money: McDermott's App., 106 Pa. 367; Gracie's Est., 158 Pa. 521.

The mere gift of money by the husband to the wife is not a settlement of it as her separate estate: Parvin v. Capewell, 45 Pa. 89; McDermott's App. 106 Pa. 367; Gracie's Est., 158 Pa. 521; Bank v. Wrightson, 63 Md. 81; Taylor v. Henry, 48 Md. 550; In re Albrecht, 136 N. Y. 91.

One of the peculiarities of an estate by entireties is that neither husband nor wife can dispose of any part of the estate without the assent of the other, but the whole must remain to

the survivor. Where an instrument would create neither a tenancy in common nor a joint tenancy in unmarried persons it will not create a tenancy by the entireties though the grantees may be described as husband and wife: Dexter v. Billings, 110 Pa. 135; Young's Est., 166 Pa. 645; Trimble v. Reis, 37 Pa. 448.

Delivery is essential to a gift inter vivos, and such delivery of possession as makes the disposal of the thing irrevocable. An irrevocable gift must be proved: Kidder v. Kidder, 33 Pa. 268; Campbell's Est., 7 Pa. 100; Trough's Est., 75 Pa. 115; Williams's App., 106 Pa. 116; Linsenbigler v. Gourley, 56 Pa. 166.

The gift must pass out of the donor in his lifetime, or it can never reach the donee: Walsh's App., 122 Pa. 177.

It is a general rule that where particular chattels are described in a will the subsequent words of general description only pass chattels of a similar kind to those specifically mentioned: Willis v. Curtois, 1 Bear. 196; Willis v. Curtois, 8 L. J. N. S. Ch. 105; Lippincott's Est., 173 Pa. 368.

OPINION BY MR. JUSTICE DEAN, October 17, 1898:

On October 14, 1895, with a view to foreign travel, accompanied by his wife, William A. Parry purchased from Drexel & Company and the Tradesmen's National Bank of Philadelphia, two letters of credit, each in the sum of $10,000. The letters are in the same words, of which this is a copy:

"We hereby authorize the bearers, W. A. Parry and Minnie H. Parry, his wife, to value at sight upon Credit Lyonnaise, London, to an amount not exceeding £2,000, or, at their option, upon Credit Lyonnaise, Paris, to the extent of 50,000 francs." The credits were to extend to December 31, 1896. The husband and wife had been on their travels about four months when he died at Darjeeling, India, on February 8, 1896. At his death, there remained a balance unexpended on the letters of credit of $12,825.34. This was drawn by the widow before she returned to her home in Philadelphia. Before he left home, on March 29, 1895, the husband executed a will, whereby he bequeathed to his wife absolutely, $20,000, and the income of nearly all the remainder of his estate, which was large, for life, and appointed her and Joseph Hopkinson executors of his will. By their first account filed there was a balance of over

$120,000 for distribution. At the audit, the widow's coexecutor claimed she should be charged with the balance, $12,825.34, unexpended on the letters of credit at the death of her husband. The auditing judge sustained the claim; she filed exceptions. On hearing before the court in banc, but two judges, ASHMAN and PENROSE, sat; one was for affirming the decree of the auditing judge, the other for reversing; so, the court being equally divided, the decree was affirmed. [See 6. Dist. 717.] From that decree we have this appeal by the widow.

The credit was purchased by the husband's money; the wife paid none. The learned auditing judge was of opinion that the letters were issued to them jointly, merely as a matter of convenience; that, as they represented the husband's money, and there was no evidence of a gift or assignment by him to her, the unexpended balance should be charged against her.

We are clear, the writings created an estate, as between husband and wife, by entireties, and such an estate at common law goes to the survivor. This estate may be created in a chattel as well as realty, in a chose in action and one in possession. Freeman on Cotenancy and Partition, sections 63 and 68. And as to choses in action, it is not abolished by the legislation affecting joint tenancy; for an estate that as to unmarried persons would be a joint tenancy, as to husband and wife is a tenancy by entireties. Therefore, neither the act of March 31, 1812, that of April 11, 1848, nor that of June 3, 1887, applies. This question is fully discussed by our Brother McCOLLUM in Bramberry's Estate, 156 Pa. 628. These letters of credit on their face have nothing to distinguish them, in their legal consequences, from a draft drawn in favor of the husband and wife· as payees, by the American bankers on the foreign ones, or from a certificate of deposit or promissory note to them jointly; all of which have been held to constitute an estate by entireties. It was not an absolute gift to the wife of the whole amount, nor intended so to be; it was an estate in personalty, the value of which to her depended on two contingencies: 1. On her survivorship during the life of the letters. 2. On how much was still payable at his death. Both contingencies happened, and she survived as to so much of the estate as had not been spent.

The fact that they were going abroad, and that this was a convenient method of providing money for their expenses,

does not rebut, or even cast doubt on, the intention expressed in the writings.  The husband procured to be framed and delivered an instrument which effects certain legal consequences on the happening of certain contingencies.  He knew that by means of it either could readily obtain money in foreign countries; that if both survived to return home he could receive from the bankers who issued the letters, the estate being personalty, any balance not expended; that if he died abroad the surviving wife took all that was left.  There is not a spark of evidence indicating any other intention than that which legally arises on the face of the paper.  In fact, he may have, very reasonably, intended that if he died abroad among strangers his widow should immediately be possessed of funds sufficient for her necessities and comfort, independent of any provision made for her in his will.  Appellees argue, that by such construction, if a letter of credit were issued for an indefinite amount, it would enable the widow to sweep the entire estate.  We think it highly improbable that any banker would issue a letter of credit for an indefinite amount, which would enable the wife to sweep her husband's entire estate and, perhaps, the banker's too; but, if such a letter were issued at the request of the husband, the presumption would be quite strong that he intended his wife should have his entire personal estate in case of his death.  However, any improbability as to intention which might possibly be raised by such an extreme case is without weight here, for the husband took the letters for a limited amount, probably not one twentieth of his large estate.

We think the court below erred in charging appellant with the sum of $12,825.34, balance unpaid on the letters of credit at her husband's death.

The testator, in addition to other large bequests to his widow, directs that she shall have " all his clothing, household and kitchen furniture, linen, china, plate, plated ware, jewelry, pictures, engravings, books, bric-a-brac, and articles of personal use and ornament."  Under this clause, the widow claimed a sailing yacht owned by testator at his death.  The court below did not allow her claim, because, in its opinion, a fair interpretation of this bequest pointed only to an intent to give her such goods and chattels as would be kept in his dwelling house or on his premises, and that the words, "articles of personal use

and ornament," did not include the yacht.   We think this view correct; the words evidently meant to embrace articles of personal use and ornament in the house, like unto those enumerated.

As to the first assignment of error the decree is reversed, and it is directed the surcharge of $12,825.34 be stricken off. As to the remaining exceptions it is affirmed, costs of appeal to be paid out of the fund.