AGNES BOLAND *vs.* CATHERINE McKOWEN & another,
EDWARD J. BOLAND, JR., claimant.

Bristol.   October 26, 1905. — December 1, 1905.

Present: KNOWLTON, C. J., LATHROP, LORING, BRALEY, & SHELDON, JJ.

*Husband and Wife.   Joint Tenants and Tenants in Common.*

A mortgage of real estate running to a husband and wife and their heirs securing a note payable to them jointly, although made after St. 1885, c. 237, belongs to them in entirety and on the death of one of them passes to the survivor.

CONTRACT by the surviving payee of a note made to the plaintiff and her husband Edward J. Boland and secured by a mortgage of real estate, to recover an instalment of interest due on the note.   Writ dated March 15, 1905.

The defendants admitted liability and paid the money into court, and Edward J. Boland, Jr., executor under the will of the plaintiff's late husband, intervened as a claimant.

In the Superior Court the case was heard on an agreed statement of facts.   The petition of the claimant was dismissed, and judgment was ordered for the plaintiff.   The claimant appealed.

*R. P. Coughlin*, for the claimant.

*F. A. Milliken*, for the plaintiff.

KNOWLTON, C. J.   In 1894 certain real estate was conveyed to Edward J. Boland and Agnes Boland, these persons being husband and wife.   In 1902 they conveyed the property to Catherine McKowen and took back from her, on the same day and as a part of the same transaction, a mortgage to secure a part of the purchase money.   The mortgage runs to " said Edward J. Boland and Agnes Boland and their heirs," etc., and the note secured by it is payable in like manner to them jointly. Edward J. Boland having deceased, and the note remaining unpaid, the question before us is whether his widow, Agnes Boland, has a right to collect it, or whether the executor of the husband's will, Edward J. Boland, Jr., the present claimant, is entitled to one half of it.   The estate of the husband is ample to pay his debts, so that the rights of creditors are not involved.

At common law a conveyance to two or more persons, without special provisions, created an estate in joint tenancy unless these persons were husband and wife, in which case it created an estate by entirety, which differs from a joint tenancy in the fact that the tenancy cannot be severed and the right of the survivor terminated by either party.   *Shaw* v. *Hearsey*, 5 Mass. 521.   *Appleton* v. *Boyd*, 7 Mass. 131.   *Wales* v. *Coffin*, 13 Allen, 213.   *Pray* v. *Stebbins*, 141 Mass. 219.   See also *Pease* v. *Whitman*, 182 Mass. 363 ; *McLaughlin* v. *Rice*, 185 Mass. 212.   By the St. 1785, c. 62, § 4, the common law was changed, so that conveyances to two or more persons were to be interpreted as creating estates in common, unless it clearly appeared from the language that estates in joint tenancy were intended.   It was held in the cases above cited that this statute did not apply to mortgages, or conveyances to husband and wife.   The Rev. Sts. c. 59, §§ 10, 11, continue this statute in force, with an expressed provision, in accordance with the previous decisions, that it should not "apply to mortgages, nor to devises or conveyances made in trust, or made to husband and wife," and the provision remained without material change until the enactment of the St. 1885, c. 237.   Gen. Sts. c. 89, §§ 13, 14.   Pub. Sts. c. 126, §§ 5, 6.   By St. 1885, c. 237, conveyances to husband and wife are included in the provisions in regard to convey-

ances to other persons, so that conveyances and devises to husband and wife, made since the enactment, do not create estates by entirety unless an intention to create such an estate is expressed in the writing. But in this as in the former statutes, mortgages are excepted from the provision, and these are left to be governed by the rules of the common law.

In *Pray* v. *Stebbins*, *ubi supra*, and in *Phelps* v. *Simons*, 159 Mass. 415, it was held that the statutes in regard to the separate property and separate rights of married women do not affect the common law in regard to estates by entirety. In *Draper* v. *Jackson*, 16 Mass. 480, the court decided, in an elaborate opinion, that a note and mortgage made to husband and wife go to the wife, if she survives her husband, and not to the executor of the husband. As a general proposition, this is the law to-day; for except the St. 1885, c. 237, just cited, there is nothing in the statutes in regard to married women which extends or limits their rights, as against their husbands, in reference to property held under deeds or contracts running to them jointly. As at the common law, husband and wife are left incapable of making ordinary contracts with one another.

Although this case presents no such question as that upon which the court divided in *Phelps* v. *Simons*, 159 Mass. 415, (see also *Draper* v. *Jackson*, 16 Mass. 480, 486,) the discussion in that case recognized tenancies or ownership by entirety in personal property as well as in real estate. This view of the court is sustained by the cases cited in the opinion.

Upon the facts before us in the present case, we are of opinion that the plaintiff has the same rights as she would have had if the common law had remained unchanged.

*Judgment for the plaintiff affirmed.*