## Fredrick's Estate.

*Executors and administrators—Decedents' estates—Money deposited in name of husband or wife—Estate by entireties.*

Where money is deposited in the name of a husband or wife, and after the death of the husband an administrator is appointed under authority of a letter of attorney from the wife, and thereafter the administrator draws the deposit out by a check signed by himself as administrator, and also as attorney in fact for the wife, and he includes the amount of the deposit in his inventory, and pays thereout $300 as exemption to the widow, he cannot claim when cited to account that he had not drawn out the money in the bank as administrator.

Argued March 5, 1913. Appeal, No. 8, March T., 1913, by M. Morris Moskovitz, from decree of O. C.

Statement of Facts.        [54 Pa. Superior Ct.

Lackawanna Co., 1909, No. 292, surcharging appellant in Estate of Frank Fredrick, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Exceptions to account.

SANDO, P. J., found the facts to be as follows:

The decedent, Frank Fredrick, died on or about December 26, 1908, intestate, leaving to survive him a widow, Kate Fredrick, and a minor daughter. The widow, having renounced her right to administer, letters of administration were granted on June 11, 1911, to M. Morris Moskovitz, who filed a bond in the sum of $2,000 with E. W. Friedman and Joseph F. Gilroy as sureties. An inventory, made by appraisers appointed by the administrator, filed February 7, 1910, showed assets, consisting of cash, in the hands of the administrator, amounting to $1,002.34. It was admitted of record that the administrator on March 12, 1910, paid to the attorney for Kate Fredrick, the sum of $300 as her widow's exemption. No account was filed by the administrator. On September 8, 1910, upon due proceedings in this court, a decree was entered removing M. Morris Moskovitz as administrator, and vacating the letters of administration issued to him. On September 24, 1910, letters of administration de bonis non were issued to George W. Maxey. The first and final account of M. Morris Moskovitz, administrator, as stated and filed by his bondsmen, pursuant to a citation, is as follows:

"The said Frank Fredrick having died intestate, possessed of no personal property, there was and is in the hands of M. Morris Moskovitz, administrator as aforesaid, no funds of the said estate for which an accounting might be made."

To this account filed, the administrator d. b. n. has filed an exception. The exception seeks to surcharge

the accountants with the sum of $1,002.34, received by M. Morris Moskovitz, administrator, from the First National Bank of Forest City, Pennsylvania, on June 29, 1909, as assets of the estate of the decedent, acknowledged and inventoried as such in the inventory filed on February 7, 1910, by M. Morris Moskovitz, administrator.

The account with the bank was opened on January 26, 1904, and the last deposit was made on November 25, 1908. A bank book was issued by the First National Bank of Forest City, Pa., "Savings Department," with rules printed thereon, presumably on January 26, 1904, when the first deposit was made, with the following heading:

"No. 1237. Interest will be credited with red ink.

"First National Bank, Forest City, Pa., in account with Frank or Kate Fredrick."

The rules printed in the bank book, provide, inter alia:

"5. Although the bank will endeavor to prevent fraud on its depositors, the pass book will be considered the voucher of the depositor, and the possession of the pass book shall be sufficient authority to the bank to warrant any payment made and entered on it.

"6. The acceptance of this book and the entries thereon shall be conclusive evidence that the foregoing rules are agreed to by the bank and the depositor."

On June 28, 1908, the balance standing to the credit of the account, including interest, amounting to $1,002.34, was paid to M. Morris Moskovitz, on a check drawn to the order of "Cash," and signed by him as "Admininistrator of the Estate of Frank Fredrick, Deceased, and Attorney in Fact for Kate Fredrick." At the time of the withdrawal of the fund, Moskovitz filed with the bank, the pass book, his letters of administration, a certificate of the register of wills of the grant of letters of administration, and a copy of a power of attorney, the original of which being on file in the office of the register of wills.

The sureties on the bond of the administrator contend that the money standing to the credit of "Frank or Kate Fredrick" in the bank was held by entireties, and that, therefore, upon the death of Frank Fredrick, the right to said money vested in Kate Fredrick as survivor.

The court entered the following decree:

Now, May 31, 1912, upon the disposition of the exception filed to the first and final account of M. Morris Moskovitz, administrator of the estate of Frank Fredrick, deceased, as stated and filed by E. W. Friedman and Joseph F. Gilroy, his sureties, it is ordered and decreed that the accountant be surcharged in accordance with our rulings, and the account as restated is confirmed finally.

*Error assigned* was the decree of the court.

*Thomas P. Duffy*, with him *Harry Needle*, for appellants.—The word "or" is often used, and has been often construed as if it were "and" in statutes: Rolland v. Com., 82 Pa. 306; Doebler's App., 64 Pa. 9; Bender v. Bender, 226 Pa. 607.

In the case at bar the presumption that the money in the bank, included in the inventory, is an asset of the estate, is overcome by the evidence, which is admitted: Semple's Estate, 189 Pa. 385; Bell's Estate, 25 Pa. 92; Klenke's Estate, 210 Pa. 572.

A tenancy by entireties arises whenever an estate vests in two persons, they being husband and wife. It may exist in personal as well as real property, in a chose in action as well as a chose in possession: Parry's Estate, 188 Pa. 33; Stuckey v. Keefe, 26 Pa. 397.

A deposit in the name of a husband and wife by reason of their unity goes to the survivor: Gibson v. Todd, 1 Rawle, 452; Meyer's Estate, 232 Pa. 89.

*Geo. W. Maxey*, of *Amerman & Maxey*, for appellee.

OPINION BY RICE, P. J., October 13, 1913:

The facts of this case are clearly stated in an orderly manner in the opinion of the learned judge of the orphans' court, and need not be restated by us. The surcharge complained of was not on account of money which the administrator had not collected, but on account of money which he claimed the right to collect as administrator, and which the parol testimony clearly shows was paid to him because he was administrator and would not have been paid to him otherwise. Great stress is laid by appellant's counsel on the fact that he signed the check by which the money was withdrawn from the bank, not only as administrator of the estate of Frank Fredrick, but also as attorney in fact for Katrina Fredrick. But the power of attorney given by the latter was not to collect the money in bank, but "to take out letters of administration upon the estate of Frank Fredrick," and the authorization "to commence legal proceedings of any kind whenever necessary" evidently had reference to the accomplishment of the main object of the power, namely, the taking out of letters of administration upon the estate of the decedent. Hence, the signing of the check in the manner above indicated does not militate against the conclusion that the money was paid to him in his capacity as administrator, as the uncontradicted testimony of the bank officers shows it was. Further, that he claimed the money as administrator, and that it was paid to him in that capacity, is shown by the fact that he caused it to be inventoried as the sole asset of the estate of the decedent, the entry in the inventory, which was shown to be in his handwriting, being, "In the hands of M. Morris Moskovitz, Administrator of the above Estate—Cash—(One thousand and Two 34–100) $1,002, 34–100."

"Presumably every item of property an executor has included in his inventory belongs to the estate, and for all such he must account. The inventory is an admission on his part that the property embraced in it came into his possession as the legal representative of the testator:"

Cutler's Est., 225 Pa. 167; Hermann's Est., 226 Pa. 543. True, the presumption is a rebuttable one, and the administrator is not precluded from showing that money he claimed and received in that capacity was not part of the assets of the estate and was included in his inventory by mistake. But was there a mistake in the present case? Is it conclusively shown that the money deposited in bank was not properly paid to the administrator of Frank Fredrick, but was recoverable exclusively by Kate Fredrick by reason of her survivorship? The sole basis in the evidence for the appellant's contention that the money was not properly paid to the administrator are, first, the indorsement on the pass book issued by the bank, "Frank or Kate Fredrick, First National Bank of Forest City, Pa., Savings Department," and, second, the entry at the head of the account therein set forth, "First National Bank, Forest City, Pa., in account with Frank or Kate Fredrick." It is argued that the word "or" should be read "and," and that, if so read, the case is brought within the principle that, where a husband and wife have a deposit in bank in their joint names, they hold by entireties and not by moieties, and upon the death of either the survivor takes the whole. It is well settled in Pennsylvania that a tenancy by entireties may exist in personalty as well as real property, in choses in action as well as choses in possession: Bramberry's Est., 156 Pa. 628; Parry's Est., 188 Pa. 33; Klenke's Est. (No. 1), 210 Pa. 572. The last cited case is authority for the proposition that, if the account in question had been with "Frank Fredrick and Kate Fredrick," the latter, upon the death of her husband, would take the whole, in the absence of explanatory evidence. In that mode of depositing the money, and in that form of contractual obligation on the part of the bank to the depositors, there would have been apparent one of the peculiarities of an estate by entireties, namely, that neither husband nor wife can dispose of any part of the estate without the assent of the other, but the whole must remain to the survivor. See 2 Bl. Com.,

Lewis ed., * 182. But, according to the doctrine of Young's Est., 166 Pa. 645, the existence of the marriage relation between the depositors did not render it impossible for them to avoid this peculiar incident of an estate by entireties, by depositing the money under such a contract between them and the bank as would authorize the bank, upon the production of the deposit book, to pay it to either, or, in the event of the death of one, to pay it either to the survivor or to the administrator of the deceased party. The use of "or" instead of "and" is consistent with and tends to show such intention, and the argument in favor of the contention that such was the intention is further strengthened by consideration of rules 5 and 6 printed in the bank book, subject to which the deposit was made and accepted. These rules are quoted in the opinion of the learned judge of the orphans' court. Another consideration worthy of notice is that Kate Fredrick, who presumably knew the intention of the parties in making the deposit in the way it was made, has never taken a position in opposition to the above view, although it was to her interest to do so if it was not the correct view. Not only so, but she was instrumental in having the administrator appointed, and apparently acquiesced in his collection of the money as an asset of her husband's estate, by claiming and receiving out of it the widow's exemption of $300. Klenke's Est., 210 Pa. 572, does not require us to hold that the payment to the administrator was improper. There, it was held, it is true, that the balance in the name of "Kate or Henry Klenke" in the First National Bank of Birmingham, which was paid after the death of Henry to Kate, the widow, was not chargeable against the administrator as an asset of the estate of Henry. But it was not held that, if it had been paid to the administrator under such circumstances as are disclosed in this case, the administrator would not have been required to account for it.

Upon a view of all the pertinent considerations, we are unable to conclude that the money in the present case was

improperly paid to the administrator and that a mistake was made by him in including it in his inventory. The burden of showing this rested on the accountant, and we think it has not been discharged.

The decree is affirmed at the costs of the appellants.