### Zelt v. Washington National Bank.

*Husband and wife—Entireties—Personal property—Checks—Account in bank—Assent to disposal.*

1. Where a bank account is in the name of husband and wife, "subject to the check of either, or both," such deposit is held as an estate by entireties, and cannot be attached for the individual debt of either.

2. Personal property may be held·as an estate by entireties.

3. An estate by entireties does not result from any intention on the part of the husband and wife so to hold, but necessarily follows by operation of law.

4. In case of personalty, an assent by one of the parties to disposal by the other may be given by parol, whereas, in regard to real estate, joining in the instrument of conveyance is necessary.

5. Where a checking account is in the name of husband and wife, the assent of each to the other to check on their joint account is given at the time of creating the account, where direction is given the bank that it should be "subject to the check of either, or both."

Motion to quash attachment. C. P. Washington Co., Feb. T., 1923, No. 300. Before Brownson, P. J., and Cummins, J.

*Lloyd O. Hart,* for plaintiff; *Hamilton & Pipes,* for garnishee.

CUMMINS, J., Aug. 20, 1923.—Plaintiff caused an attachment execution to be issued on a judgment, which he held for himself and others, against one Grant Campbell, whereunder Washington National Bank was served as garnishee. Said garnishee made answer that "it had in its possession or control moneys to the amount of $168.79 belonging to Grant Campbell and Mrs. G. L. Campbell, his wife, as a checking account, subject to the check of either, or both." The case now comes before the court on motion for judgment on the answer filed, and, in conjunction therewith, was filed by counsel for the parties respectively, a stipulation wherein it was agreed that "the moneys in the hands

4 D. & C.

of the garnishee were deposited by Grant Campbell and Ula Campbell, his wife, in a joint account, subject to the check of either, or both of them. That part of this sum was money of Grant Campbell and part money of Ula. Checks were drawn signed by either without the joinder of the other. That the said Grant Campbell and Ula, his wife, are both living. That the debt upon which the judgment of Albert Zelt, surviving (partner), etc., was entered, was the debt of the said Grant Campbell only." The only question involved in this case then is whether or not this account was held by the execution defendant and his wife as tenants by the entireties. If it were, it was not subject to attachment, and judgment should be for the defendant, but if not, then attachment would lie and, hence, the judgment would be for plaintiff.

"If an estate be given to a man and his wife, they are neither properly joint tenants nor tenants in common; for husband and wife being considered as one person in law, they cannot take the estate by moieties, but both are seized of the entirety *per tout et non per my;* the consequence of which is, that neither the husband nor the wife can dispose of any part without the assent of the other, but the whole (if not so disposed of) must remain to the survivor:" 2 Blackstone's Comm. (Lewis's Ed.), 648. In order not to be misled, it must, first of all, be observed that an estate by the entireties results, not from any intention on the part of the husband and wife to so hold, but necessarily follows by operation of law from the very fact that they are in law considered but one person. Husband and wife cannot, therefore, take as tenants in common or joint tenants, but, if jointly, only as tenants by the entirety: Stuckey v. Keefe, 26 Pa. 397; Mitchell on Pennsylvania Real Estate and Conveyancing, 252; Bramberry's Estate, 156 Pa. 628, 632. The fact that "neither the husband nor the wife can dispose of any part (of what they take jointly) without the assent of the other," is not a criterion by which to determine whether, when they hold jointly, they hold by the entireties, but is a consequence which necessarily follows when they take jointly.

The fact that where husband and wife take jointly they take and hold by the entireties is applicable to personalty as well as to real estate: Blick v. Cockins, 252 Pa. 56; Sloan's Estate, 254 Pa. 346; Parry's Estate, 188 Pa. 33; Bramberry's Estate, 156 Pa. 628; Klenke's Estate, 210 Pa. 572.

It seems clear to the court that the checking account in question in this case, under our authorities, was a joint account, and that, therefore, defendant and his wife held by the entireties. In Blick v. Cockins, 252 Pa. 56, husband and wife had a checking account in their joint names, "subject to the order of either or the survivor," and deposits were made by each. It was held that such deposits by each were gifts to both jointly, resulting in their holding as tenants by the entireties. In Sloan's Estate, 254 Pa. 346, the Supreme Court reached the same conclusion, where time deposits had been made and certificates of deposit issued therefor, "payable to the order of himself or wife," and "payable to the order of William Sloan or wife." And, to the same effect, see Parry's Estate, 188 Pa. 33, and Klenke's Estate, 210 Pa. 572.

At first blush, the uniform conclusion thus arrived at in these cases would appear to be inconsistent with the conclusion reached that one tenant by the entirety cannot mortgage, assign or convey (Biehl v. Martin, 236 Pa. 519, 527; O'Malley v. O'Malley, 272 Pa. 528, 533) real estate so held without the other joining in such mortgage, assignment or conveyance. This inconsistency, however, is only apparent and not real. As stated by 2 Blackstone's Comm. (Lewis's Ed.) 648: "Neither the husband nor the wife can dispose of any part without the assent of the other." In the case of real estate, this

assent to disposal can, of course, only be given by joining in the instrument of conveyance, whereas, in case of personalty, it is obvious that such assent may be given merely by parol, and before as well as at the time of such disposal, and so in the case at bar, the assent of each to the other to check on this joint account was given at the time of their creating the account itself by directing the bank that it should be "subject to the check of either, or both." Failure to observe this distinction in the giving of consent in those cases where real estate is involved, and in those where the subject-matter involved is only personalty, was obviously the occasion of the court's falling into apparent error in the case of Watts v. Horn, 69 Pitts. L. J. 77, relied upon by counsel for plaintiff as an authority in this case. From the conclusions reached, it is apparent that plaintiff's motion cannot prevail.

### Decree.

And now, to wit, Aug. 20, 1923, for the reasons set forth in the foregoing opinion, the said attachment as to the moneys described in the answer of Washington National Bank of Burgettstown, garnishee, is discharged, likewise plaintiffs' motion, and judgment is entered for defendant and for said garnishee as to the moneys so attached.

From E. E. Crumrine, Washington, Pa.