## Roka v. E. P. Wilbur Trust Company.

*Estate by entireties—Assignment—Promissory note under seal.*

1. Where a savings account had been opened in the defendant bank "in the name of John Roka or Julia Roka, his wife," it constituted a joint deposit which was held by entireties, and after the husband's death the amount of the account became the sole property of the wife, and it makes no difference whether the word used in opening the account is "or" or "and."

2. During the continuance of the joint account, it was impossible for the husband, without the wife's joining, to sell or assign his interest in the account so as to affect the wife's right thereto after his death.

3. If, after the husband's death, the wife endorsed a promissory note under seal, containing a warrant to confess judgment at any time, to secure the prior indebtedness of the husband to the bank, the bank cannot recover on the note or charge it to the account. If she endorsed an ordinary promissory note, she cannot set up want of consideration and the bank can recover.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Northampton Co., April T., 1927, No. 123.

*Booth & Barthold,* for plaintiff; *Herbert J. Hartzog,* for defendant.

STEWART, P. J., May 9, 1927.—This is a rule for judgment for want of a sufficient affidavit of defence. It appears from the facts admitted in the pleadings that, on or about Feb. 19, 1919, a savings account, No. 2866, was opened in defendant bank "in the name of John Roka or Julia Roka, his wife." John Roka died on Sept. 3, 1926. The exact amount of the account on that date cannot be determined from the pleadings. The sixth paragraph of the statement of claim is as follows: "On Jan. 2, 1926, the balance due and owing was $1600; on Aug. 9, 1926, the balance was $1322.59; on Oct. 1, 1926, interest was credited on said account in the sum of $22.83, making the balance on that date $1345.42." Defendant meets that as follows: "The facts alleged in paragraph 6 of the statement of claim are denied." Under the authorities, we must assume that the facts set forth in the statement of claim are correct in the absence of a more specific statement in the affidavit of defence, but defendant has set forth facts which are evidently intended to be a more specific denial, although, after reading the pleadings, we have been unable, in our calculations, to determine just what the exact state of the account is. The plaintiff's position is that this bank account constituted an estate by the entireties, and that, upon the husband's death, the wife was entitled to the whole of it. The law on the main question is well settled. In Parry's Estate, 188 Pa. 33, the syllabus is as follows: "An estate by entireties may be created in a chattel, in a chose in action, and one in possession, as well as in realty.

It is not abolished as to choses in action by legislation affecting joint tenancy. A letter of credit purchased by a husband with his own money, made payable to himself and his wife, and intended to be used in a journey abroad, creates an estate by entireties, and if the husband dies before the letter of credit is exhausted, the wife is entitled by survivorship to any balance that may be due upon it." The matter is well summed up by Mr. Justice Walling in Sloan's Estate, 254 Pa. 346, as follows: "The rule that the title to property held' jointly by husband and wife vests in the survivor applies to personal as well as to real property: Bramberry's Estate, 156 Pa. 628; Parry's Estate, 188 Pa. 33; Klenke's Estate (No. 1), 210 Pa. 572. It is a joint deposit with right of survivorship where the certificates are payable to husband or wife, as well as where payable to husband and wife. In either case, it is held by entireties: Klenke's Estate (No. 1), *supra*." Other authorities illustrating various phases of the matter are: Klenke's Estate (No. 1), 210 Pa. 572; Meyer's Estate (No. 1), 232 Pa. 89; O'Malley v. O'Malley, 272 Pa. 528; Rhodes's Estate, 277 Pa. 450; Leach's Estate, 282 Pa. 545; Hilt v. Hilt, 50 Pa. Superior Ct. 455; Frederick's Estate, 54 Pa. Superior Ct. 535; O'Malley v. O'Malley, 78 Pa. Superior Ct. 10. Applying the above authorities, this whole bank account would be plaintiff's after her husband's death, if there were nothing else in the case. The affidavit of defence, however, sets out that the husband had endorsed two notes, one dated June 27, 1925, for $300, and one dated Aug. 19, 1925, for $350, and that these notes were discounted by the defendant and that they were renewed from time to time. It also sets forth as security for his endorsement the husband had executed two "partial assignments," which are as follows:

"E. P. Wilbur Trust Company, Bethlehem, Pa.

"Gentlemen: To secure my endorsement on notes of E. F. Bair, for $300, due Sept. 28th, and $350, due Dec. 19th, or any renewals thereof, I hereby transfer and assign unto the Wilbur Trust Company the sum of Six Hundred Fifty Dollars of my savings account No. 2866 in the Peoples Branch of the Wilbur Trust Company, said sum to remain in my account at all times until the notes above mentioned, or any renewals thereof, are fully paid and satisfied.                    Yours very truly,

"(Signed)    John Roka

"Witness to signature              "JOHN ROKA, 86 Juniata St., ·
   "(Signed)    E. F. BAIR.                    Freemansburg, Pa.

"E. P. Wilbur Trust Co., Bethlehem, Pa.

"Gentlemen: For value received, and to secure my endorsement on E. F. Bair note for $600, dated March 26, 1926, due April 27, 1926, or any renewals thereof, I hereby assign and transfer unto the E. P. Wilbur Trust Company the sum of Six Hundred Dollars ($600), of my Peoples Branch Savings Account No. 2866, as security for the payment of the above-mentioned note, or any renewals thereof.

"In witness whereof, I have hereunto set my hand and seal the twenty-sixth day of March, 1926.

"Witness to signature

"(Signed)    JOHN ROKA    (Seal)

   "(Signed)    PAUL N. RITTER
   "(Signed)    GEO. E. HOFFMAN."

These papers differ in terms. In the first one, although it was an assignment, yet it was stipulated "said sum to remain in my account at all times, &c.," which practically destroys its effect, so far as this account is concerned,

and in the second one, while there is an assignment as security for the payment of the notes, yet the affidavit of defence admits that the defendant company did not charge against this account either of the sums mentioned. They were intended to be collateral security and they have no legal effect whatever on this account. In Beihl v. Martin, 236 Pa. 519, the syllabus is: "While the estate by entireties continues, it is entirely impossible for either party without the other joining to sell or assign his or her interest therein, even the expectancy of survivorship." Mr. Justice Stewart, in an elaborate opinion, shows how impossible it was to affect the estate by entireties by any papers like the ones in suit. See, also, Gasner v. Pierce et al., 286 Pa. 529. However, a further proceeding is set out in the affidavit of defence, which, as we understand it, was about as follows: The two notes above referred to had been combined, and a note, dated July 28, 1926, payable Aug. 27, 1926, had been endorsed by John Roka, which was not paid or renewed at maturity. The pleader then averred:

"14. John Roka died Sept. 3, 1926, a few days after maturity of said note. Shortly thereafter, his widow, the plaintiff herein, after a statement to her of the facts, and she being then a feme sole, endorsed the said E. F. Bair renewal note for $590, dated Aug. 27, 1926, due Sept. 27, 1926.

"15. At maturity, Sept. 27, 1926, the said E. F. Bair note was not paid, and on Sept. 28, 1926, the defendant charged the said savings account No. 2866 with the sum of $590 for note No. 48937, executed by E. F. Bair and wife, due Sept. 27, 1926, and endorsed by Julia Roka.

"16. Pursuant thereto, on Sept. 30, 1926, the defendant delivered the said $590-note to the plaintiff, she being lawfully entitled thereto."

It will be noticed that the endorsement by the widow occurred a number of days after the date of the note and when by law she was the owner of the entire fund, free from any assignments by her husband. It will be further noticed that the form of the note which she endorsed is not given. That note is all-important. In the brief of the learned counsel for the plaintiff, he makes the following statement with reference to the form of the widow's endorsement: "This was a note under seal dated Aug. 27, 1926, due Sept. 27, 1926, payable to John Roka, signed E. F. Bair (seal) & Mrs. E. F. Bair (seal), with confession of judgment. On the back appears the name Julia Roka, written twice." If that is a correct statement, there could have been no recovery on such a note if suit had been brought by the defendant against her, and they had no right to charge the note to her account. There was no legal foundation for such payment. In Lincoln Bank of Erie v. Gem City Wholesale Grocery Co. et al., 286 Pa. 421, it was held: "A promissory note containing a warrant to confess judgment at any time is a non-negotiable instrument." There was a recovery in that case, but it was by reason of the contract endorsed on the back of the note. The same rule is laid down in Miners State Bank v. Auksztokalnis, 283 Pa. 18. If a true copy of the note had been set out in the pleadings, and it is as plaintiff's counsel stated above, we would make this rule absolute and enter judgment for the plaintiff for the full amount. If, however, she endorsed a plain promissory note, she cannot set up want of consideration, and the defendant had a right to charge her account with this last note. The doctrine of Young's Estate, 234 Pa. 287, would apply. See, also, Schimmel et al. v. Cohen, 275 Pa. 117. We assume that counsel will accept our view of the law when the facts are agreed on, and we shall make our order with that end in view. We have attached no importance to the sixteenth paragraph, supra, for the reason that it does not aver that the plaintiff accepted the note as having been paid with her consent.

Roka *v.* E. P. Wilbur Trust Company.

And now, May 9, 1927, in accordance with the seventeenth paragraph of the affidavit of defence, judgment is entered in favor of the plaintiff and against the defendant for $755.42, with interest thereon at 6 per cent. from Oct. 15, 1926 (date of plaintiff's demand for payment and refusal by defendant), to wit, for the sum of $781.10, and, unless the defendant files a more specific affidavit of defence within fifteen days from this date, the prothonotary shall mark this rule absolute and enter a further judgment of $590, with interest at 6 per cent. from Oct. 15, 1926.

From Henry D. Maxwell, Easton, Pa.