## Raible's Estate.

*Entireties—Estate by entireties—Husband and wife—Stock certificate.*

1. Where a certificate of stock of a corporation is issued to two persons who are in fact husband and wife, such persons take an estate by entireties in the shares of stock represented by the certificate; and it is immaterial that there were no words in the certificate to indicate that the parties were man and wife.

2. The rule that the title to property held jointly by husband and wife rests in the survivor applies to personal as well as to real property.

Exceptions to auditor's report. O. C. Blair Co., No. 859½, 1897.

*J. F. Sullivan*, for exceptant; *Kurtz & Perry*, for accountant.

PATTERSON, P. J., March 13, 1928.—This matter comes before us on exceptions to the report of the auditor appointed by the Orphans' Court to pass upon exceptions to the final account of the administratrix and to make distribution of the balance shown by said account to the parties entitled thereto. The two exceptions will be considered together, and are as follows:

First. "The auditor erred in holding that under the law the stock of the decedent, of the Penn Central Light and Power Company, was held by decedent and his wife as an estate in entireties."

Second. "The auditor erred in not compelling the accountant to surcharge herself with the value of the Penn Central Light and Power Company stock."

Joseph P. Raible died Nov. 23, 1926, leaving to survive him a widow, Margaret Moore Raible, and no children. During the lifetime of the deceased, he and his wife, Margaret, purchased seventy-five shares of the stock of the Penn Central Light and Power Company, dated Jan. 27, 1926, and issued in the names of "Joseph P. Raible and Margaret M. Raible." An examination of the record of this estate in the Orphans' Court discloses the fact that the administratrix failed to include any part of the said stock certificate in the inventory and appraisement, and that no reference is made to the same in the account filed by said administratrix, and the auditor, in passing upon exceptions to the account as filed, holds that the stock certificate was properly excluded from the inventory and appraisement and also from the account of the administratrix. It is contended on the part of the exceptant, since the certificate issued in the names of "Joseph P. Raible and Margaret M. Raible," without

the word "wife" or "husband" or other words to indicate that the parties were man and wife, the same represented partnership property and not an estate by entireties. On the other hand, the counsel for the accountant, in support of the findings of the auditor, argues that the naming of the two persons without words describing their marital relations is sufficient to create an estate by entireties if the evidence offered before the auditor establishes that said parties were, in fact, husband and wife.

The law controlling estates by entireties is well settled in Pennsylvania. In Parry's Estate, 188 Pa. 33, the syllabus is as follows: "An estate by entireties may be created in a chattel, in a chose in action and one in possession, as well as in realty. It is not abolished as to choses in action by legislation affecting joint tenancy. A letter of credit purchased by a husband with his own money, made payable to himself and his wife, and intended to be used in a journey abroad, creates an estate by entireties, and if the husband dies before the letter of credit is exhausted, the wife is entitled by survivorship to any balance that may be due upon it."

Mr. Justice Walling, in Sloan's Estate, 254 Pa. 346, holds: "The rule that the title to property held jointly by husband and wife rests in the survivor applies to personal as well as to real property:" Bramberry's Estate, 156 Pa. 628.

And it is a joint ownership, with right of survivorship, where the stock certificate is payable to husband or wife as well as where payable to husband and wife. In either case, it is held by entirety: Klenke's Estate (No. 1), 210 Pa. 572; Roka v. E. P. Wilbur Trust Co., 10 D. & C. 94.

An estate in entirety may be acquired only by a man and a woman who sustain to each other the legal relation of husband and wife at the time the conveyance or devise to them becomes effective: 30 Corpus Juris, § 91, page 562.

It was not necessary that the deceased and his wife should have been described as man and wife in the stock certificate. The word "husband" or "wife" need not be used if in fact the man and woman named in the grant, certificate of deposit, stock certificate or other evidence of ownership are legally married at the time of the issuing of the same. "The creation of an estate in entirety does not depend on the fact that the grantees are or are not named as husband and wife in the deed; the relation between the parties, and not the presence or absence of a description of a relation in the deed, is the controlling factor:" 30 Corpus Juris, § 88, page 558; Parrish v. Parrish, (Ark.), 235 S. W. Repr. 792; Klatzl's Estate, 216 N. Y. 83; Gasner v. Pierce et al., 286 Pa. 529; Stuckey v. Keefe's Executors, 26 Pa. 397.

"A tenancy by entireties arises whenever an estate vests in two persons, they being, when it so vests, husband and wife. It may exist in personal as well as real property, in a chose in action as well as in a chose in possession. The common law rule is that the words which in a conveyance to unmarried persons constitute a joint tenancy, will create, if the grantees are husband and wife, a tenancy by entirety:" Bramberry's Estate, supra.

For the reasons above set forth, we are of the opinion that the stock certificate for seventy-five shares of Penn Central Light and Power Company stock, issued in the name of Joseph P. Raible and Margaret M. Raible, was an estate by entirety and became exclusively the property of Margaret M. Raible, the surviving spouse, upon the death of Joseph P. Raible, and is, therefore, no part of the estate of the said Joseph P. Raible and was properly excluded from the inventory and appraisement. Therefore, the exceptions to the auditor's report are dismissed and the report confirmed absolutely.

From Robert W. Smith, Hollidaysburg, Pa.