CAMPBELL *v.* CAMPBELL.

(*Nashville,* December Term, 1933.)

Opinion filed January 16, 1934.

SIZER, CHAMBLISS & KEFAUVER, G. W. CHAMLEE, and G. W. CHAMLEE, JR., all of Chattanooga, for appellant.

BENTON WHITE and CANTRELL, MEACHAM & MOON, all of Chattanooga, for appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a contest between the widow and son (by a former wife) of L. D. Campbell, deceased, over the division of a legacy passing under the will of Mrs. Adelia Craigmiles Cross, more recently deceased. The chancellor decreed in favor of the widow, and the son has appealed.

L. D. Campbell died in September, 1927. Prior to his death Mrs. Cross made a will containing the following provision:

"In appreciation of acts of friendship from my friends Mr. and Mrs. L. D. Campbell of Cleveland, Tennessee, I will and bequeath to them jointly the sum of $5,000."

Mrs. Cross died in September, 1928, about a year after the death of L. D. Campbell. The son of L. D. Campbell contends that he is entitled to one-half of this legacy under section 8134 of the Code providing that, when a devisee or legatee dies before the testator, or is dead at the making of the will, the issue of the donee shall take the estate devised or bequeathed, unless a different disposition is required by the will. The widow contends that the terms of the bequest above set out made her husband and herself, if not technical joint tenants, tenants by the entirety, and that, surviving her husband, she is entitled to the whole legacy.

The controversy may be settled by determining whether, since the enactment of chapter 126, sections 1, 2, of the Public Acts of 1919, Code, sections 8460, 8461, tenancy by the entirety in personal property exists under our laws.

Technical joint tenancy was abolished in this state many years ago. Code, section 7604. This statute, however, did not abolish tenancy by the entirety. *Bennett* v. *Hutchens*, 133 Tenn., 65, 179 S. W., 629, and cases cited.

While joint tenancy prevailed, there was no lapse of a devise or bequest to joint tenants by reason of the death of one of the beneficiaries in the testator's lifetime. Each being the taker of the whole estate, though not wholly and solely, the survivor took the whole property. *Buffar* v. *Bradford*, 2 Atk., 220; *Morley* v. *Bird*, 3 Ves., 628. If, therefore, Mr. and Mrs. Campbell could be regarded as joint tenants of the legacy of Mrs. Cross, Mrs. Campbell would be entitled to the whole of this bequest. If they be regarded as tenants by the entirety of this legacy, the right of Mrs. Campbell to take the whole as survivor rests upon a basis even firmer.

Our intermediate courts have differed as to whether tenancy by the entirety in personal property has existed in Tennessee since chapter 126 of the Pub. Acts of 1919. The Court of Civil Appeals in *Bellar* v. *Ferrell*, Nashville, 1923, held that such tenancy did exist in such property since the enactment of that statute. The Middle Tennessee section of the Court of Appeals held to the contrary in *Scholze* v. *Scholze*, 2 Tenn. App., 80, the latter court expressing the opinion that tenancy by the entirety with respect to personal property never existed in Tennessee, nor indeed at common law.

It will be recalled that chapter 26 of the Public Acts of 1913 fully emancipated the married woman from the disabilities of coverture and enabled her to hold her estate as a *feme sole,* and, as said in some of our cases, to a great extent destroyed the legal unity between husband and wife as to property rights. It was held in *Gill* v. *Mc-*

*Kinney*, 140 Tenn., 549, 205 S. W., 416, 417, that this statute had the effect of abolishing tenancies by the entirety in this state.

The General Assembly of 1919, however, by chapter 141 of the acts of that year, repealed chapter 26 of the Acts of 1913. Its provisions, in turn, were immediately re-enacted by the same Legislature (chapter 126, Pub. Acts of 1919), but with this addition: ''Nothing in the previous section shall be construed as abolishing tenancies by the entirety, or as affecting the husband's right of courtesy''—changed to ''curtesy consummate'' by Code, section 8461. Plainly the Public Acts of 1919 were designed to meet the decision in *Gill* v. *McKinney, supra,* to restore the estate by the entirety held by this court to have been destroyed by the Act of 1913. If then tenancies by the entirety in personalty were recognized in Tennessee prior to the act of 1913, clearly they were reinstated by the Acts of 1919.

Naturally, in *Gill* v. *McKinney, supra,* Judge LANSDEN undertook to define the estate which the court was declaring the act of 1913 demolished. By way of definition he adopted the description of that estate given by Judge McKINNEY in *Ames* v. *Norman*, 36 Tenn. (4 Sneed), 683, 70 Am. Dec., 269, in the course of which it was said that ''this tenancy may exist whether the estate is in fee, for life, for years, or other chattel interest, and whether the property be in possession, reversion, or remainder.'' After aptly characterizing Judge McKINNEY as ''one of the ablest and most learned common-law judges in America,'' Judge LANSDEN, referring to the description from which the above quotation is taken, observed that it had been ''accepted as the law in this state, and so far as we are advised it has never been doubted since.''

In four decisions of this court it has been held that a chose in action payable to husband and wife would pass to the surviving spouse upon the death of the other. *Smith* v. *Haire,* 133 Tenn., 343, 181 S. W., 161, Ann. Cas., 1916D, 529; *Pile* v. *Pile,* 74 Tenn. (6 Lea), 508, 40 Am. Rep., 50; *Johnson* v. *Lusk,* 46 Tenn. (6 Cold.), 113, 98 Am. Dec., 445; *McMillan* v. *Mason,* 45 Tenn. (5 Cold.), 263, 98 Am. Dec., 401. It is true that the court did not in any of these cases refer to the husband and wife as tenants by the entirety. Those particular words were not used. The court, however, had previously said in *Ames* v. *Norman, supra,* that tenancy by the entirety might exist in any chattel interest. *McMillan* v. *Mason* and *Johnson* v. *Lusk* rested chiefly on the authority of decisions of the English and of the Massachusetts courts. In both those jurisdictions, it seems to have been uniformly held that tenancy by the entirety can obtain with respect to personal property. In addition to the English decisions referred to in *McMillan* v. *Mason* and in *Johnson* v. *Lusk,* see cases collected by Mr. Freeman in a note 18 Am. Dec., 371, and in a note 38 Am. St. Rep., 435. Also see *Boland* v. *McKowen,* 189 Mass., 563, 76 N. E., 206, 109 Am. St. Rep., 663; *Phelps* v. *Simons,* 159 Mass. 415, 34 N. E., 657, 38 Am. St. Rep., 430; *Draper* v. *Jackson,* 16 Mass., 480. By the great preponderance of judicial authority, a tenancy by the entirety may exist in personal property. 30 C. J., 575, 13 R. C. L., 1105, Notes 8 A. L. R., 1017, 30 L. R. A., 318, 22 L. R. A., 594, 38 Am. St. Rep., 435, 18 Am. Dec., 371.

There are some decisions to the contrary, notably *Matter of Albrecht,* 136 N. Y., 91, 32 N. E., 632, 18 L. R. A., 329, 32 Am. St. Rep., 700; *Wait* v. *Bovee,* 35 Mich., 425.

The decisions of the courts in these two cases and others seem, however, to be influenced by provisions of local statutes.

Aside from statutory obstacles, the only real objection to a tenancy by the entirety in personal property seems to have been the power of the husband to destroy that tenancy by reason of his marital right. Since at common law the husband might reduce to possession and appropriate the wife's chose in action which she owned outright, it followed that he had a similar right with respect to a chose in action in which the wife had only an interest. But under existing statutes, the wife holds her personalty, as well as her realty, as a *feme sole*. The husband has no more power during coverture with respect to one class of property than he has with respect to the other. We therefore see no reason at this time for denying that an estate by the entirety can prevail in personal property. It was the obvious intent of the Legislature by chapter 126 of the Public Acts of 1919 to preserve the unity of husband and wife, at least to the extent of permitting them to hold property as one, *per my et per tout*.

The power of the husband at common law to destroy an estate by the entirety in personalty merely imperiled the existence of that estate. He likewise had the power to alienate her chattels real and to reduce her choses in action to possession. Such powers of the husband, however, were not incompatible with such interests in the wife and the latter persisted unless the superior authority was exercised.

The use of the word "jointly" in the bequest of Mrs. Cross to Mr. and Mrs. Campbell leads us to believe that the conclusion heretofore indicated will tend to ac-

complish the design of her will. We attach no controlling importance, however, to this word, and merely hold that tenancies by the entirety with respect to personal property existed in this state prior to the Acts of 1913, and that they were restored by the Acts of 1919.

The decree of the chancellor is affirmed.