STATE *ex rel. v.* PROGRESSIVE BUILDING & LOAN ASS'N.

(*Nashville,* December Term, 1938.)

Opinion filed June 10, 1939.

598

HILLSMAN TAYLOR, of Memphis, for appellant.

McDONALD, McDONALD & BROWN, and JOHN A. OSOI-NACH, all of Memphis, for appellee.

MR. JUSTICE COOK delivered the opinion of the Court.

The bill was filed February 20, 1935, for the appointment of a receiver to liquidate the affairs of the building and loan association. January 9, 1937, Mrs. Etta Bailey, as administratrix of her husband, filed a petition to recover as a debt due the estate the sums paid by her husband on the purchase of shares of stock.

J. R. Bailey died October 18, 1932, before the association was declared insolvent. The administratrix claims a right of refund under the statute, Code, section 3899, regulating building and loan associations. The statute provides that the personal representative, upon the death of a stockholder, shall be entitled to recover the full amount paid in by the deceased.

If the deposits made by J. R. Bailey on purchase of stock were made under such circumstances as created a tenancy by the entirety or the right of the surviving spouse as successor to the fund, then Mrs. Bailey took it as a stockholder and would share *pro rata* with the other stockholders. If it was a fund belonging to her husband and it passed to her as administratrix, then the statute

quoted would apply. The receiver answered that Mrs. Bailey succeeded to the rights of her husband and cannot recover as administratrix.

It is shown by receipts on the face of pass books that J. R. Bailey paid from time to time to the association on purchase of shares over nineteen thousand dollars. The sums paid were credited to J. R. Bailey or Etta Bailey. The by-laws provide that payment on shares in joint accounts shall be paid to either party and in case of death to the survivor. Mrs. Bailey did not elect to demand payment as administratrix after the death of her husband. On the contrary, she attended stockholders' meetings and voted the shares of stock in January, 1933, 1934, and 1935. She testified that the payments on stock were made by Mr. Bailey; that she contributed no part of the money. She thought his purpose in making the account joint was to enable her to withdraw funds, but said she did not know whether he intended to give her an interest in the stock. She further testified that neither of them intended to check on the account except in emergency because this stock was to be held as an investment for use in her husband's old age.

After reviewing the facts and upon authority of *Smith* v. *Haire*, 133 Tenn., 343, 181 S. W., 161, Ann. Cas., 1916D, 529, and *Campbell* v. *Campbell*, 167 Tenn., 77, 66 S. W. (2d), 990, the Court of Appeals concurred with the chancellor in holding that Mrs. Bailey was a tenant by the entirety and took as successor to her husband. The cause is here upon *certiorari*, and petitioners rely upon the opinion in *Tribble* v. *Tribble*,[1] and also rely upon cases involving the question of whether or not "or" should

[1] No opinion for publication.

be construed as "and" in order to create an estate by the entirety as between Mr. and Mrs. Bailey.

The joint deposit was made in the name of J. R. Bailey or wife, Etta Bailey. There are many cases holding that in such case "or" shall be read "and," and upon that the theory of an estate by the entirety established. But many of the cases hold that the use of "and" instead of "or" is not essential where an intention to effect joint ownership of a chose in action otherwise appears or may be inferred from the circumstances. In reaching that conclusion, it was said in Re Parry, 188 Pa., 33, 41 A., 448, 49 L. R. A., 444, 68 Am. St. Rep., 847, after holding that the use of the word "or" in letters of credit issued to husband and wife created an estate by the entirety, that it was not an absolute gift to the wife of the whole amount nor so intended to be. It was an estate in personalty, the value of which to the wife depended upon two contingencies: (1) survivorship during the life of the letters; (2) how much was still payable at the husband's death. Both contingencies happened, and the wife survived as to so much of the estate as had not been spent. In Campbell v. Campbell, supra, the powers of the husband at common law are not incompatible with an interest of the wife to joint deposits or credits unless the husband exercise his authority, and that view accords with the holding in Re Parry. In Tribble v. Tribble, the right of the surviving spouse was not involved. The husband and wife were litigating over bank deposits credited to the husband or wife, and the facts of that case clearly distinguish it from the case at bar.

A preponderance of authority and sound reasoning support the view of the Court of Appeals and the chancellor that the surviving spouse or tenant by the

entirety succeeds to a joint investment in the name of the husband or wife.

One of the circumstances relied on to overcome the testimony of Mrs. Bailey that the investment was made for her joint benefit is her conduct in asserting ownership of the stock by voting at stockholders' meetings while the association was a going concern. Her conduct in that respect for a period of nearly three years after the death of her husband was contradictory of the claim made by her as administratrix. She first elected to take as successor of her husband. She could not revoke her election and assert claim as administratrix for debt after the association was declared insolvent. Writ denied.